303 So.2d 602 (1974)
Harold M. SEARS, Plaintiff-Appellant,
v.
The CITY OF SPRINGHILL et al., Defendants-Appellees-Appellants.
No. 12452.
Court of Appeal of Louisiana, Second Circuit.
November 7, 1974.
Rehearing Denied, December 10, 1974.
Writ Refused January 31, 1975.
*603 Booth, Lockard, Jack, Pleasant & LeSage by James E. Bolin, Jr., Shreveport, for plaintiff-appellant.
James S. Harris, Asst. Dist. Atty., for Charles A. Marvin, District Attorney, Springhill, for Webster Parish School Board, defendants-appellants.
Cook, Clark, Egan, Yancey & King by Benjamin C. King, Shreveport, for City of Springhill and Employers Commercial Union Ins. Co., defendants-appellees.
Before AYRES, HALL and DENNIS, JJ.
En banc. Rehearing Denied, December 10, 1974.
AYRES, Judge.
In this action in tort plaintiff, Harold M. Sears, appearing in his individual capacity and as a representative of his 12-year-old minor son, Paul R. Sears, sought to recover on behalf of the minor damages for personal injuries, pain, and suffering, and on his own behalf hospital and medical expenses incurred in the treatment of his son's injuries which resulted from an accident on September 14, 1971, on the playground of the Springhill Junior High School. Made defendants are the City of Springhill, its insurer, Employers Commercial Union Insurance Company, and the Webster Parish School Board.
The accident in which it is claimed the minor sustained injuries occurred while he and other pupils were engaged in an unsupervised game of "touch" football which occurred after lunch but during the noon hour. The playground is located east of *604 the school building, between the building and a drainage ditch to the western edge of which the playground extends. Bordering and extending into the ditch was a knee-high growth of grass, weeds, and briars which obstructed a view of the ditch. Ownership of the ditch was alleged to have been in the school board; in the alternative, in the City of Springhill; and, in the still further alternative, in both the city and the school board, whose joint responsibility, it was claimed, was to maintain the ditch in a safe condition.
For a cause of action plaintiff alleged that at all pertinent times the school board and the city knew or should have known that young children played in the general area where the accident occurred; they allowed and encouraged playground activities to take place there; and they knew or should have known of the hazardous situation which existed as related to the children who played in the area.
In this connection it is contended that the accident was proximately caused by the negligence of the board and of the city in the nonexclusive particulars of:
(1) Allowing the ditch to fall into a condition hazardous to the safety of the children on or about the premises;
(2) Failing to remedy the danger by eliminating the ditch in question;
(3) Failing to maintain the ditch in such manner that its danger would be manifest;
(4) Failing to erect signs or to otherwise adequately warn persons of the existence of the ditch or the danger created thereby; and
(5) Failing to erect appropriate barriers or restraining fences around the hazardous, open ditch.
In the course of the game, young Sears, running at full speed in an attempt to touch an opposing intended receiver of the ball, was unable to stop and thus continued on through the weeds and grass and fell into the ditch, breaking both bones of his right leg below his knee.
The defendants denied generally any negligence. The city and its insurer denied any ownership of the ditch or of any duty or responsibility with reference to its control or maintenance. All defendants pleaded contributory negligence on the part of the minor in bar of his father's right to recovery.
The lower court maintained the defense of the city and its surety and held that the city had no ownership in the property on which the ditch was located; nor did it have any control or obligation to maintain the ditch in a safe condition. Ownership was held to be vested in the Webster Parish School Board whose duty was to maintain the ditch in a safe condition. The court further held that the minor was free from contributory negligence. There was judgment in favor of plaintiff for the use and benefit of his minor in the sum of $5,000 and in favor of himself individually in the sum of $651 plus costs. From this judgment, the defendant Webster Parish School Board appealed. Plaintiff also appealed with respect to the dismissal of the City of Springhill and its surety.
The record discloses that the ditch into which young Sears fell has long been in existence. It serves to drain a portion of Church Street and culverts and storm sewers thereunder. It is located almost exclusively on school-board property. The scene of the accident was on school-board property where the ditch was the deepest due to the converging of water from the culverts and storm sewers. The ditch varies from about five to ten feet in depth and is "too wide to jump in most places." There were no warning signs and no barriers to prevent anyone from walking into *605 the ditch from either side. The ditch was near the boundary between the school-board property and a parking lot of an A & P grocery.
The testimony preponderates to the fact that Paul Sears was running at full speed toward the ditch in an effort to touch, or tag, the pass receiver, Bruce Mills, who was running toward Church Street and parallel to the open ditch, very close to its edge. After tagging the ball receiver, Paul was unable to stop and fell into the open ditch, breaking his leg.
The accident happened within a few days after school opened. Young Sears had not theretofore attended the school. He was generally unfamiliar with the surroundings. According to his testimony, he had never before seen the ditch and was unaware of its existence. Efforts of the school board to show otherwise were unconvincing. Testimony with reference to verbal warnings by a teacher was understandably vague. The teacher had given the warnings to many prior classes during the early days of school. She was not certain that Paul Sears was present when she gave his class her warning lecture. A posted notice was found by the court to be inadequate in itself to put a 12-year-old child on notice of the open ditch.
The open ditch, with weeds growing knee high along its edge, was indeed a hazard, and to leave it unguarded without warning signs or barriers at the end of the playground on the school-board property was negligence, particularly in view of the fact that the playing of "touch" football was not only permitted at recess but encouraged.
We find no error in the conclusion reached below that the school board was negligent in permitting the ditch to remain unguarded and without barriers at the very edge of the playgroundnor with the conclusion reached therefrom that such negligence was the proximate cause of the minor's injuries.
In Johnson v. Orleans Parish School Board, 261 So.2d 699 (La.App., 4th Cir., 1972), damages were sought to be recovered for bodily injuries sustained by plaintiff's 13-year-old daughter when, in attempting to adjust her hosiery while her class was being escorted out of the school building and across the street, the child struck a plate-glass window. The window had several cracks in it over which tape had been placed for reinforcement. The defendant knew that the window had been broken and had it taped as a precautionary measure. It was held that to permit a window to remain in such condition for a period of four months in an area known to be frequented by children was indicative of negligence on the part of the defendant. Thus, it was held that the defendant was at fault in permitting the cracked window to remain taped.
The same conclusion is inescapable with reference to the school board's action in the instant case in permitting the open ditch, concealed by a growth of weeds, grass, and briars, to remain without barricades, warnings, or other protective means.
There is no evidence in the record by virtue of which it could be concluded that the defendant Webster Parish School Board sustained its burden of proof and established the minor's contributory negligence. As already noted, the preponderance of the testimony is to the effect that the minor did not know of the existence of the ditch, and consequently did not know of the dangerous condition created by the ditch and the growths which were permitted to remain and obscure it from view.
We find, as did the trial court, no merit in defendant's plea of contributory negligence.
Following the accident, the injured minor was taken to the Springhill General *606 Hospital where, however, from a lack of adequate facilities, he could not be given even first aid. From there, he was transferred in his father's car to Shreveport where he was examined in the car by Dr. Donald F. Overdyke, Jr., an orthopedic surgeon. At Dr. Overdyke's suggestion, the minor was then conveyed to a hospital where, after being given a general anesthetic, his broken leg was placed in a long leg cast extending from his hip to his foot. This cast, bent at the knee, was worn about six weeks, attended by the customary discomfort. Thereafter, he was placed on crutches for another similar period of time. He missed between two and three months of school.
The child was discharged by Dr. Overdyke on April 19, 1972, for the doctor at the time concluded the minor had reached the maximum stage of improvement. Residual disability was practically nil. The nature of the break was described by the doctor as a comminuted fracture of the distal fourth of the right tibia and a transverse fracture of the right fibula distal fourth with considerable angulation and displacement. Recovery, however, appears to have been fairly normal with a minimum of complications. Young Sears' discomfort and inconvenience were increased by the length and weight of the cast which he necessarily wore. It was difficult to get into or out of the bed, or to turn therein. Assistance was required in bathing and with respect to all other bathroom functions.
We do not find that the award of damages was excessive. Plaintiff's counsel in brief concedes that the award, although on the low side, was within the court's "much discretion," and therefore seeks no increase.
For the reasons assigned, the judgment appealed is affirmed at the cost of the defendant Webster Parish School Board.
Affirmed.