350 So.2d 1256 (1977)
Robert LEWIS, Sr., Individually and as Administrator of the Estate of his minor son, Robert Lewis, Jr.
v.
ST. BERNARD PARISH SCHOOL BOARD.
No. 8583.
Court of Appeal of Louisiana, Fourth Circuit.
October 12, 1977.
*1257 Gilbert V. Andry, III, New Orleans, for defendant-appellant.
Anthony A. Fernandez, Jr., Chalmette, for plaintiff-appellee.
Before REDMANN, SCHOTT and BEER, JJ.
BEER, Judge.
This is a personal injury suit by appellee, Robert Lewis, Sr., on behalf of his minor son, Robert Lewis, Jr., an eighth grade student at St. Bernard High School. Robert further opened the solid wooden door to the school's soundproof music practice room without using the doorknob but, rather, by grasping the edge of the already partly opened door. Another student, Stephen Lopez, who was inside the practice room, apparently did not notice Robert's hand around the edge of the door and slammed it shut, severing the very tip of his fourth finger.
Robert's uncorroborated testimony indicates that the handle to the door was loose, and the lock did not catch well, causing the door to swing open from the closed position. (Tr. 23, 29.) Robert's further uncorroborated testimony indicates that students using the soundproof room found it necessary to place a chair against the door to keep it shut.
The door in question was solid wood, whereas most other doors in the school have glass windows which permit a person inside to see someone entering. It did not have air locks or similar safety device which would have slowed its closing.
Judgment was rendered (without written reasons) casting appellant for damages in the amount of $3,587.25, of which $587.25 represented special damages for medical bills, etc. They appeal, arguing that the school board cannot be vicariously liable for the negligent act of a student and contending that independent negligence on their part was not proven. Lewis also appeals, seeking an increase in quantum.
Liability of the school board for an allegedly dangerous condition of a door which purportedly necessitated the practice of slamming it shut could be imposed if it were shown that a dangerous condition had existed for sufficient time to justify the conclusion that they are charged with knowledge of the dangerous condition, or if they actually had knowledge of the dangerous condition and did not remedy it. See: Bourgeois v. Indemnity Ins. Co. of North America, 60 So.2d 718, 720 (Orl.App.1952).
In Sears v. City of Springhill, 303 So.2d 602 (La.App. 2nd Cir., 1974), writ refused, La., 307 So.2d 371, the existence of a ditch surrounded by knee-high weeds on school property was an observable hazard, particularly *1258 in view of the fact that the playing of "touch" football near it was not only permitted but encouraged, and a student who broke his leg upon falling into the ditch during a football game was allowed to recover damages.
Similarly, in Johnson v. Orleans Parish School Board, 261 So.2d 699 (La.App. 4th Cir., 1972), we found negligence on the part of the school board where plaintiff was injured by the fall of a cracked glass window which had been held together by tape for at least four months. In that case, there was evidence that the school authorities knew of the dangerous condition and had delayed its repair until the window could be replaced with a nonbreakable substance.
In each of the cases discussed, there existed a dangerous condition of which the school authorities had either actual or constructive knowledge. Here, Lewis seeks to show such a dangerous condition existed in the allegedly defective door latch which necessitated the constant slamming of the door. Yet, Robert's statement that the door latch was defective is not corroborated by plaintiff's witness, Kirk Serigne, who stated that the handle was in working condition. Even if we were to accept the finding of fact that the latch was defective, we cannot agree that Lewis is entitled to judgment since there has been no showing of knowledge of the defect, either actual or constructive, on the part of the school board or any of its personnel.
The existence of actual knowledge is in fact contravened by the testimony of Robert Blanchard, the supervisor of buildings and grounds for the St. Bernard Parish School Board, who stated that records of complaints were kept, and there had been none concerning the door in question. Furthermore, Blanchard's testimony established that he inspected the school for cleanliness and necessary repairs on a monthly basis.
Constructive knowledge of the defect might be found were it so inherently dangerous that the school authorities should have known of it, or if the practice of propping the door closed with a chair so widely known and followed that the school personnel should have known of it. We do not find that the existence of a defective latch was a condition so inherently dangerous that knowledge can be imputed. Nor do we find, from the scant evidence on the question, that the practice of propping the door closed was widely known: under direct examination of plaintiff's witness, Lopez, the following dialogue occurred:
"Q. Okay. Now, Steve, was a chair ordinarily used with that door in keeping the door closed?
A. No, not that I know of.
Q. You don't recall, okay. You never did it?
A. No."
As to the allegation of negligence on the part of the school board in not having air locks on the practice room door, we can find no affirmative requirement that such a lock be used, and do not find that absence indicates negligence.
Finally, it is contended that there was independent negligence of the school board in failing to properly supervise the students. It repeatedly has been held that "(t)he fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees." McDonald v. Terrebonne Parish School Board, 253 So.2d 558, 562 (La.App. 1st Cir., 1971), writ ref., 260 La. 128, 255 So.2d 353. Accord, Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir., 1977); Bourgeois v. Indemnity Ins. Co. of North America, supra.
In the absence of a finding of actual or constructive knowledge of the existence of a dangerous condition on school premises, or of failure to properly supervise, we must reverse.
Accordingly, it is ordered that the judgment of the 25th Judicial District Court for the Parish of St. Bernard be reversed, and plaintiff-appellee's suit is dismissed at his costs.
REVERSED AND RENDERED.