376 So.2d 372 (1979)
R. L. ARDOIN et al., Plaintiffs-Appellees,
v.
EVANGELINE PARISH SCHOOL BOARD, Defendant-Appellant.
No. 7181.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
*373 A. Bruce Rozas, Mamou, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiffs-appellees.
Before GUIDRY, FORET and SWIFT, JJ.
SWIFT, Judge.
This is a personal injury action instituted by R. L. Ardoin, individually and on behalf of his minor son, David Glen Ardoin, against the Evangeline Parish School Board for damages sustained when David allegedly fell on the playground at Bayou Chicot High School on May 10, 1977. The matter was tried and for written reasons assigned the court found that the Evangeline Parish School Board was negligent in permitting a hazardous condition to exist, of which it had either actual or constructive notice. From the adverse judgment Evangeline Parish School Board has perfected this appeal. We affirm.
The accident occurred during a physical education class, at which time the class was engaged in playing softball. While running from second to third base, young Ardoin fell and injured his right knee.
The trial court found that "a piece of concrete, variously estimated at 12" by 12" to about 30" in diameter, and about 8 inches thick was embedded in the ground directly on the path, or very near it, between two bases on the softball diamond, and that it protruded from one-half to one inch above the ground. There is no doubt in the Court's mind that the boy tripped on this piece of concrete, causing him to fall. . ."
As stated in Capers v. Orleans Parish School Bd., 365 So.2d 23, 24 (La.App. 4 Cir. 1978):
"Tort liability is based on the existence of a duty and the breach thereof which causes damage. The standard of care for school teachers and administrators is that of a reasonable person in such a position acting under similar circumstances. Reasonable care includes protecting against unreasonable risk of injury from dangerous or hazardous objects in the school building and on the grounds."
Thus, the principal issue before this court is whether the piece of concrete constituted such a hazardous condition that it was a breach of the required standard of care on the part of the school board to allow it to exist on the playground.
It is well settled that where there is evidence before the trier of fact which, upon its reasonable evaluation as to credibility, *374 furnishes a reasonable basis for the trial court's finding it should not be disturbed in the absence of manifest error, i. e., unless clearly wrong. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Dominque, 365 So.2d 1330 (La. 1978).
On the basis of the facts and evidence presented, the trial judge had ample support for his conclusion that the piece of concrete constituted a hazardous or dangerous condition. It was exposed as much as one inch above ground. Mr. Vernon Siffert, custodian at Bayou Chicot High School, testified that the concrete had a "little edge, I'd say about 3 inches long sticking above the surface of the ground, about an inch was sticking up, that's all. . ." He then added, ". . . I say personally it was about a 12 × 12 had one kind of gagged (sic) end, that's what I'm talking about, was about 3 inches long.. . ." Further, the concrete slab was in or near the base line of the softball diamond, on which children play regularly, a condition which is necessarily inherently dangerous.
This case is not like Capers wherein a child wandered away from the main school yard and climbed a commercial-sized garbage can. Nor are we presented with a situation as in Partin v. Vernon Parish School Bd., 343 So.2d 417 (La.App. 3 Cir. 1977). In that case a child fell on a squared off tree stump with no jagged protrusions and this court concluded that it was not a hazardous or dangerous condition. The court relied on the trial judge's reasoning that "In a rural area such as Simpson, trees are predominant. Trees and their components are nearly everywhere. As such, children are going to play in and around them. In doing so, this doesn't cause parents much concern. We then, as parents, should not expect more of others than we do of ourselves. . ."
The law is settled that a school board is liable if it has actual knowledge or constructive knowledge of a condition unreasonably hazardous to the children under its supervision. Lewis v. St. Bernard Parish Sch. Bd., 350 So.2d 1256 (La.App. 4 Cir. 1977).
There has been presented no evidence to the effect that defendant had actual knowledge of the existence of the concrete.
Constructive knowledge of a defect exists if it is so inherently dangerous that the school authorities should have known of it. Lewis, supra, at page 1258. This softball field had been used throughout the year for physical education classes. Miss Loretha Nell Leday, David's teacher, testified that before playing on the field, often she and her students would examine the area. We believe that a reasonable examination of the area assigned for use as a softball diamond would have revealed this hazard. It is not a case wherein a child was injured by wandering to the perimeter of the playground or school yard. This suit involves an injury at the specific play area in the base path of a softball field. Accordingly, we hold that the school authorities had constructive knowledge of this dangerous condition. They should have anticipated and discovered the potential danger and eliminated the harm.
It matters not whether the boy "tripped", as the trial judge found, or merely "fell" on the concrete slab, as defense counsel alleges. The concrete actually caused the injury and should not have posed such an unreasonable risk of harm to the children playing on the field.
The award of $12,000.00 as general damages for the child and $1895.60 to the father, individually, for medical expenses are in our opinion within the limits of the trial judge's discretion.
Under LSA-R.S. 13:4521 the school board is not required to pay any court costs except the court reporters' costs for taking testimony. Consequently, it is necessary to amend the judgment in this respect.
For the foregoing reasons, the judgment of the trial court is amended to tax to defendant-appellee only the costs of court permitted by law and as amended it is affirmed.
AMENDED AND AFFIRMED.