400 So.2d 705 (1981)
David L. WILKINSON, etc., Plaintiff-Appellant,
v.
HARTFORD ACCIDENT & INDEMNITY CO., et al., Defendants-Appellees.
No. 8006.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Rehearing Denied July 21, 1981.[*]
Smith, Ford & Clark, Chris Smith, III, Aleesville, for plaintiff-appellant-appellee.
Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellee-appellant.
Before FORET, SWIFT and DOUCET, JJ.
*706 DOUCET, Judge.
Plaintiff, David L. Wilkinson, brought this suit individually and on behalf of his minor son, David Len Wilkinson, to recover damages for personal injuries that David sustained when he ran through a glass panel at Glenmora High School in Rapides Parish, Louisiana. Defendants are Coach Joe Rivers, David's physical education instructor, the Rapides Parish School Board, and the school board's liability insurer, Hartford Accident & Indemnity Company. Following a trial, judgment was rendered in favor of the defendants, dismissing plaintiff's suit at his cost. From that judgment, plaintiff appeals.
The circumstances leading up to the accident do not appear to be seriously disputed. On November 8, 1978, David Len Wilkinson, a 12 year old seventh grader, attended a boy's physical education class conducted by Coach Joe Rivers in the Glenmora High School gymnasium. On that day, the boys were engaged in running timed relay races on the east half of the basketball court. At the same time, a girl's physical education class was being conducted on the west half of the court.
The class of approximately 30 boys was divided into five or six relay teams. Two teams competed at a time, while the remaining teams observed and waited for their turn. Between races, David and the members of his team went into a foyer adjacent to the basketball court to get a drink of water. While in the foyer, they decided to conduct a trial race to determine their positions in the next race. It was decided that David and another boy would race from the water fountain to the end of a short hallway and return.
When the boys reached the end of the hallway, David was behind. He attempted to make his turnaround pivot by pushing off of a large glass panel. As his weight came to bear on the glass, it broke and he fell through to the school grounds. Both of his arms and one of his knees were seriously lacerated.
Plaintiff brought this suit against the defendants, alleging that his son's injuries resulted from the negligence of the instructor in failing to properly supervise his students and the negligence of the school board in maintaining a dangerous condition in the gymnasium. The trial judge rejected plaintiff's claim that Coach Rivers was negligent, and although he agreed that the school board was negligent, he found that plaintiff's claim against it was barred by his son's contributory negligence.
On appeal, plaintiff argues that the trial court erred in (1) finding that Coach Rivers was not guilty of negligence which was a proximate cause of his son's injuries, (2) finding that his claim against the school board was barred by his son's contributory negligence, and (3) failing to award damages for his son's injuries.

NEGLIGENCE OF COACH RIVERS
The duty owed by teachers to their students was set out in the following language from this court's opinion in Prier v. Horace Mann Insurance Company, 351 So.2d 265 (La.App. 3rd Cir. 1977), writ denied, 352 So.2d 1042 and 352 So.2d 1045 (La.1977):
"Our jurisprudence is settled that a school board is not the insurer of the lives or safety of children. School teachers charged with the duty of superintending children in the school must exercise reasonable supervision over them, commensurate with the age of the children and the attendant circumstances. A greater degree of care must be exercised if the student is required to use or to come in contact with an inherently dangerous object, or to engage in an activity where it is reasonably foreseeable that an accident or injury may occur. The teacher is not liable in damages unless it is shown that he or she, by exercising the degree of supervision required by the circumstances, might have prevented the act which caused the damage, and did not do so. It also is essential to recovery that there be proof of negligence in failing to provide the required supervision and proof of a causal connection between the lack of supervision and the accident. Whitfield v. East Baton Rouge Parish School Board, *707 43 So.2d 47 (La.App. 1st Cir. 1949); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3rd Cir. 1966); Station v. Travelers Insurance Company, 292 So.2d 289 (La.App. 1st cir. 1974); Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir. 1975); Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir. 1977); Richard v. St. Landry Parish School Board, 344 So.2d 1116 (La.App. 3rd Cir. 1977)."
In finding that Coach Rivers had fulfilled that duty, the trial judge summarized the relevant evidence as follows:
"The testimony given by Coach Rivers and the students was generally in accord. The coach had given the rules which the boys were to follow during gym on the first day of class. All the boys admitted this, as well as the fact that when they were allowed to go to the water fountain, it was for a drink and they were to return immediately. The activity of the day, running relay races, required the participation and attention of the coach since he was starting the races and timing them. The boys were twelve (12) years old and therefore old enough to be expected to follow simple rules. All the boys admitted at trial that if they were seen outside the gymnasium doing anything other than drinking water, that they would be subject to discipline and they testified that they even kept a `lookout' for the coach to avoid being caught. The coach's view of the foyer was through two openings with a wall separating them. As the boys discussed and set up the practice race, they consciously stayed behind the wall, blocking the coach's view. Coach Joe Rivers' first knowledge of the accident was when the plaintiff yelled as he went through the glass pane. Coach Rivers came to his assistance and rendered first aid."
We find the above to be an accurate summary of the evidence in the record, and we agree that under those circumstances, Coach Rivers was not negligent. A teacher is not required to have each child under constant and unremitting scrutiny. Partin v. Vernon Parish School Board, supra. In view of the fact that Coach Rivers' ability to observe the children was impaired by his necessary participation in the day's activity, and the fact that he had imposed safety rules and enforced them with disciplinary action when necessary, we believe that he had fulfilled his duty toward plaintiff's son.

CONTRIBUTORY NEGLIGENCE
It was established at the trial that when the Glenmora High School gymnasium was originally constructed in 1966, ordinary glass was installed in the windows and light openings. Safety glass was later substituted for window panes and glass panels that were accidentally broken, but those that remained intact were not replaced. Several years prior to the accident giving rise to this suit, a visiting coach walked through an identical glass panel at the opposite end of the foyer. The broken panel was replaced with safety glass, but the panel that David later fell through was not changed.
The trial court concluded that the school board was negligent in failing to replace the glass panel with safety glass, despite the obvious danger that it presented. We find no error in that conclusion. It is well settled that a school board is liable if it has actual or constructive knowledge of a condition that is unreasonably hazardous to the children under its supervision. Ardoin v. Evangeline Parish School Board, 376 So.2d 372 (La.App. 3rd Cir. 1979); Lewis v. St. Bernard Parish School Board, 350 So.2d 1256 (La.App. 4th Cir. 1977). We also find, however, that the trial court was correct in concluding that plaintiff's claim against the school board is barred by his son's contributory negligence.
Although a twelve year old child is not held to the same degree of care as an adult, he may nevertheless be found guilty of contributory negligence if he fails to exercise the care expected of a child of his age, intelligence and experience. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958); Gremillion v. State Farm Mutual Insurance Company, 331 So.2d 130 *708 (La.App. 3rd Cir. 1976); Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir. 1975), writ denied, 320 So.2d 207 (La.1975). The trial judge found David Len Wilkinson to be a boy of normal intelligence and maturity for his age group. The record clearly supports that finding.
The evidence also supports the trial court's conclusion that David was negligent under the particular circumstances of this case. David candidly admitted that Coach Rivers had prohibited horseplay in the foyer, and he testified that he thought this rule was intended to prevent students from injuring themselves. We find, as did the trial judge, that by deliberately disobeying the safety rules and pushing off of the glass panel, he "indulged in gross disregard of his own safety in the face of known, understood, and perceived danger." Simmons v. Beauregard Parish School Board, supra. Accordingly, we find no error in the trial court's conclusion that plaintiff's son was contributorily negligent.

STRICT LIABILITY
Plaintiff also argues in brief that the school board's liability is not predicated solely on the general delictual rule of negligence under LSA-C.C. Art. 2315 but also upon the strict liability provisions of LSA-C.C. Art. 2317 as explained in Loescher v. Parr, 324 So.2d 441 (La.1975). The trial judge rejected that argument, finding that under this court's holding in Gallien v. Commercial Union Insurance Company, 353 So.2d 1127 (La.App. 3rd Cir. 1977), writ refused, 354 So.2d 1379 (La.1978), that strict liability is not applicable to public bodies.
The reasoning of Gallien was expressly disapproved by the Louisiana Supreme Court in Jones v. City of Baton Rouge-Parish of East Baton Rouge, 388 So.2d 737 (La.1980). Under the holding in that case, it is clear that public bodies are subject to liability under LSA-C.C. Art. 2317. Baggett v. City of Bogalusa, 391 So.2d 1210 (La.App. 1st Cir. 1980). We must therefore conclude that the trial judge erred in relying on Gallien. However, he reached the correct result, since under Loescher v. Parr, supra, the custodian of a defective thing can escape liability by showing that the harm was caused by the fault of the victim.
The relationship between "victim fault" under LSA-C.C. Art. 2317 and "contributory negligence" under LSA-C.C. Art. 2315 has not been clearly enunciated in the jurisprudence. Sullivan v. Gulf States Utilities Company, 382 So.2d 184 (La.App. 1st Cir. 1980); Hebert v. United Services Automobile Association, 355 So.2d 575 (La.App. 3rd Cir. 1978), writ refused 356 So.2d 1002 (La.1978); Parker v. Hanks, 345 So.2d 194 (La.App. 3rd Cir. 1977), writ denied, 346 So.2d 224 (La.1977). However, we find compelling the following conclusions enunciated by the court in Sullivan v. Gulf States Utilities Company, supra:
"It would be ironic in this case for the defendant to be able to escape liability in a negligence action because of the plaintiff's contributory negligence, yet be held liable under a strict liability theory when the plaintiff has been equally at fault in bringing about the harm. We think the policy reasonings underlying Loescher v. Parr point away from such an ironic result. Loescher was based on the proposition that, out of two innocent parties, the owner or guardian of a thing should pay for any damage caused by that thing. We do not have two innocent parties in this case, as the word innocent is understood in strict liability law. For purposes of this case, we think the measure of conduct necessary to achieve the appellation `contributory negligence' is the same measure necessary to amount to `victim fault' under Article 2317."
For the same reasons, we conclude that plaintiff's son was guilty not only of contributory negligence but also of "victim fault" such that the school board is not liable for his injuries under Article 2317.
Having determined that neither Coach Rivers nor the school board is liable to plaintiff, we find no error in the trial court's failure to award damages.
For these reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be paid by plaintiff.
AFFIRMED.
NOTES
[*] Foret, J., voted to grant a rehearing.