411 So.2d 22 (1982)
David L. WILKINSON, Individually and as Administrator of the Estate of his Minor Son, David Len Wilkinson
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, et al.
No. 81-C-2228.
Supreme Court of Louisiana.
March 1, 1982.
Rehearing Denied April 5, 1982.
*23 Chris Smith, III, of Smith, Ford & Clark, Leesville, for plaintiff-applicant.
David A. Hughes, of Gist, Methvin, Hughes & Munsterman, Alexandria, for defendants-respondents.
MARCUS, Justice.
David L. Wilkinson, individually and as administrator of the estate of his minor son, David Len Wilkinson, instituted this action against Joseph L. Rivers, Rapides Parish School Board, and Hartford Accident and Indemnity Company to recover damages for personal injuries sustained by David Len in an accident that occurred in the gymnasium lobby of the Glenmora High School. Hartford was the general liability insurer of the school board. After trial on the merits, the trial judge rendered judgment in favor of defendants and against plaintiff dismissing plaintiff's suit at his cost. In written reasons for judgment, the trial judge, while finding no negligence on the part of Rivers, concluded that the school board was negligent but denied recovery to plaintiff because of the contributory negligence of David Len. The court of appeal affirmed.[1] On application of plaintiff, we granted certiorari to review the correctness of that decision.[2]
The facts are generally not in dispute. On November 8, 1978, David Len Wilkinson, age 12, attended his seventh grade physical education class conducted by Joe Rivers, athletic coach, in the high school gymnasium. The gymnasium was originally constructed in 1965 with ordinary glass installed in all windows.[3] When entering the gymnasium through the front doors, the first area encountered is a lobby or foyer extending from left (south) to right (north) about seventy feet with glass panels extending from the floor to the ceiling at each end of the lobby. A concession stand is located immediately in front of the entrance doors, about seven feet back, and rest room facilities are located on either side of the front doors. A water fountain is outside each rest room. To reach the spectator area from the front door of the gymnasium, it is necessary to walk into the lobby, turn left or right and walk about thirty feet in either direction to a door which leads from the lobby to the bleachers. Each door is about five feet from the glass panels at the end of the lobby. There is a wall immediately behind the concession stand with openings or doorless "portages" on either side which provide direct access between the lobby and the basketball court. The panel at the north end of the lobby was safety glass (the original plate glass panel having been replaced several years earlier following an incident in which a visiting coach walked through the glass) and the south panel was the original plate glass.
On the day of the accident, the physical education class was being conducted on the east half of the basketball court (side nearer to the lobby). Another class was being conducted on the other half. Coach Rivers had divided the boys into about six teams of five boys each. Relay races were being conducted between two teams at a time. At the conclusion of each race, the participants were instructed to sit along the inside east wall of the gymnasium and await their next turn. Coach Rivers was supervising the races at the time. While the boys had been instructed not to linger or engage in horseplay in the lobby, they were permitted to go into the lobby to get water from the fountains. Following one of the races, David Len and the other members of his team went into the lobby to get a drink of water from the north fountain. It was decided at that time to conduct a race of their own between David Len and another boy in order to determine the order they should be positioned in the next race. The *24 race was to be from the north water fountain to the south glass panel and back again. The other boy reached the panel first and turned but when David Len reached the glass panel, running at his full speed, he pushed off the panel with both hands causing the glass to break. He fell through the glass onto the outside. He sustained multiple cuts on his arms and right leg and was bleeding profusely. Coach Rivers came immediately to the scene and administered first aid. David Len was then taken to the hospital for further treatment. After the accident, the school board replaced the south panel with safety glass.
The issues presented are the alleged negligence of Coach Rivers in failing to properly supervise the physical education class and/or that of the school board in maintaining a plate glass panel in the foyer of the gymnasium and if either or both was negligent, whether plaintiff's action is barred by the contributory negligence of David Len.
The trial judge found that Rivers exercised reasonable supervision over the physical education class commensurate with the age of the children and the attendant circumstances. The court of appeal agreed. Our review of the record supports the conclusion reached by the courts below. Hence, we conclude that Coach Rivers was not negligent.
The trial court found that the negligence of the school board was a cause of the accident. A school board is liable if it has actual knowledge or constructive knowledge of a condition unreasonably hazardous to the children under its supervision. R. L. Ardoin, et al v. Evangeline Parish School Board, 376 So.2d 372 (La.App. 3d Cir. 1979). The evidence in the record amply supports the conclusion that the school board had actual and constructive knowledge that the existence and maintenance of plate glass in the foyer of the gymnasium was dangerous. An identical panel at the north end of the foyer was broken when a visiting coach walked into the plate glass several years earlier. The panel had been replaced by safety glass. Moreover, we consider that the plate glass in the foyer of the gymnasium less than five feet from the traffic pattern of spectators of all ages and directly accessible to the basketball court was so inherently dangerous that the school authorities should have known of the hazard it created. The court of appeal agreed with the finding of the trial court that the school board was negligent. We agree. Accordingly, we conclude that the school board was negligent.
Having found that the school board was negligent, we must next consider whether David Len, age 12, was contributorily negligent. While a child of 12 can be guilty of contributory negligence, such a child's caution must be judged by his maturity and capacity to evaluate circumstances in each particular case, and he must exercise only the care expected of his age, intelligence and experience. Plauche v. Consolidated Companies, Inc., 235 La. 692, 105 So.2d 269 (1958). Defendant bears the burden of proving contributory negligence by a preponderance of the evidence. Dofflemyer v. Gilley, 384 So.2d 435 (La.1980).
The race in the lobby of the gymnasium was simply an unsupervised extension of the relay races being conducted on the basketball court in the main area of the gymnasium. We consider that it was normal behavior for 12-year-old boys to do what David Len and his teammates did under the circumstances despite a previous warning to refrain from engaging in horseplay in the lobby. Moreover, David Len had no reason to be aware that the panel through which he fell was plate glass as opposed to safety glass or to anticipate that pushing against this panel would cause it to shatter. Hence, we do not find that defendants met their burden of proving contributory negligence on the part of David Len. The trial judge was clearly wrong in holding otherwise, Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), and the court of appeal erred in affirming that result.
In sum, we find that Joseph L. Rivers was not negligent. However, we do find that the Rapides Parish School Board was *25 negligent but do not find that David Len Wilkinson was contributorily negligent. Hence, the negligence of the Rapides Parish School Board was the sole cause of the accident and the school board is responsible to plaintiff for damages sustained by David Len as a result of the accident. La.Civ. Code arts. 2315 and 2316.
Our finding of negligence and liability under La.Civ.Code arts. 2315 and 2316 makes it unnecessary for us to consider the application of La.Civ.Code arts. 2317 and 2322. Since the court of appeal denied recovery against the school board because of the contributory negligence of David Len, it did not reach the issue of the amount of damages. We consider it more appropriate to remand the case to that court for its review of that issue.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and the case is remanded to the court of appeal to consider the issue of the amount of damages not reached in its original opinion.
LEMMON, J., concurs and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
LEMMON, Justice, concurring.
It is unnecessary to discuss negligence, because the Rapides Parish School Board was strictly liable under C.C. Art. 2322.
The School Board had a duty to install safety glass (or to replace plate glass with safety glass) in areas where plate glass presented an unreasonable risk of injury.[1] The plate glass in the gym foyer, less than five feet from the traffic pattern and directly accessible to the basketball court, presented an unreasonable risk that young persons using the gym or engaging in horseplay associated with gym activities would crash into the glass. Moreover, there was an ease of association between the risk which requires imposition of the duty and the injury which actually occurred after the School Board breached the duty. Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (1972).
Finally, the breach of duty in this case cannot be excused on the basis of victim fault. The victim's conduct cannot be both the foreseen risk which is the basis for imposing the duty and at the same time a defense to an action resulting from a breach of the duty. Outlaw v. Bituminous Ins. Co., 357 So.2d 1350 (La.App. 4th Cir. 1978), cert. denied, 359 So.2d 1293.
BLANCHE, Justice (dissenting).
Both lower courts found for the defendant, believing that plaintiff's 12 year old son indulged in conduct in "gross disregard of his own safety in the face of known, understood and perceived danger." Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3rd Cir. 1975), writ den. 320 So.2d 207 (La.1975).
This writer agrees that a high degree of care would have required the school board to have safety glass panels in the gymnasium foyer because they should be held to know that young people might engage in "horseplay" in the school hallways or foyers, although having been instructed to the contrary. Nevertheless, a 12 year old boy, in this writer's opinion as well as the opinion of both lower courts, should know that pushing off a glass panel was dangerous, that the glass might break, and that he might be injured. Accordingly, I am of the opinion that the judgments of both lower courts on this issue was correct.
I respectfully dissent.
NOTES
[1] 400 So.2d 705 (La.App. 3d Cir. 1981).
[2] 406 So.2d 623 (La.1981).
[3] In 1972, the legislature enacted La.R.S. 40:1711-1715 which imposes a criminal sanction for the failure to use "safety glazing material" in any hazardous location. The law became effective on January 1, 1973, but expressly directs that it is not to be retroactive. Hence, it does not apply to the Glenmora High School gymnasium.
[1] R.S. 40:1711-1715 are criminal statutes relating to this duty. Although the statute cannot be used to impose criminal sanctions as to buildings constructed prior to 1973, the statute may be applied by analogy as one of the factors to be considered in determining the School Board's civil duty to replace the plate glass in dangerous areas of existing buildings. Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821 (1970).