422 So.2d 202 (1982)
Glenda HAMPTON, Individually and as the Natural Tutrix For the Minor, James HAMPTON
v.
ORLEANS PARISH SCHOOL BOARD.
No. 13256.
Court of Appeal of Louisiana, Fourth Circuit.
November 2, 1982.
*203 Steven M. Koenig, Heisler & Wysocki, New Orleans, for plaintiff-appellant.
Charles T. Curtis, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for defendant-appellee.
Before REDMANN, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
James Hampton, a 12-year old, was playing ball in his school yard during the noon recess when he was struck in the mouth by a rock thrown by another child. The trial court dismissed the suit filed by the boy's mother against the School Board and she has appealed. The issue is whether the School Board is liable because part of the school yard was unpaved, allowing for the presence of rocks such as the one thrown at the boy.
At the time of the incident there were approximately 170 students playing in the yard with three school teachers on duty to supervise the children. The yard consisted of three parts, the center paved portion where James Hampton was playing basketball with other children, a fenced in portion for the kindergarten children, and an unpaved portion. James Hampton, his mother, and his grandmother described this unpaved area as containing rocks and glass. However, the school principal gave the following more accurate description of the school yard:
"A. Well, the condition of the school ground, the three areas that we have, the black top area is debris-clear. The dirt area from time to time will have rocks come up because that is a dirt area, but it is not debris-strewn. It's relatively clear. There will be times when there will be rocks.
Q. Now I'm trying to figure out how these rocks could have gotten there. Do you know how these rocks got there?
A. The rocks that are in the dirt area, the rocks come there probably from the land fill, just from being worn away, from constant use of the yard which is, I think, normal in any dirt area. There are no rocks generally on the black top area because that's black topped.
Q. Would it be possible to make that school yard totally free of rocks?
A. No, I don't think so. Not without black topping the whole area and preventing use of the muddy area."
The trial court dismissed plaintiff's petition assigning the following reasons:
"In a well supervised playground area of the Guste Elementary Public School, one child threw a rock and hit another child in the mouth, during the lunch recess.
The Court concludes that to hold the School Board guilty and liable in these premises would be to make it the health insurer of all its students. The Court finds no negligence on the part of the Orleans Parish School Board in these premises, and dismisses the Plaintiffs' lawsuit."
The record supports the trial court's conclusion that the playground area was well supervised. This incident happened so quickly that it was over before the teachers were aware of it despite the fact that they were right on the scene performing their duties. The law requires that such supervision be reasonable but there is *204 no requirement that the supervisor have every child under constant scrutiny. Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir.1977).
However, the principal issue of this appeal is whether the unpaved area from which, presumably, the thrown rock was taken constituted an unreasonably hazardous condition as discussed in Wilkinson v. Hartford Acc. & Indem. Co., 411 So.2d 22 (La.1982). The record supports the trial judge's conclusion that it was not.
There was no dangerous or hazardous condition on the school grounds which caused plaintiff's injury. As the principal described this was nothing more than unpaved mud and dirt in which some small rocks had surfaced. The record does not support any inference that this was some sort of a rock pile which enticed children to use for ammunition. Furthermore, this is not the case where a child slipped and fell on a dangerous surface. On the contrary, this is a case where a child simply picked up a rock (perhaps in the unpaved area) and threw it at a fellow student.
Our decision is reinforced by an examination of the cases where the question of whether a condition was unreasonably hazardous was considered. While the courts held that a condition was hazardous in Wilkinson, supra, (a plate glass panel in a gymnasium near the entrance to the building and the basketball court); Lawrence v. Grant Parish School Board, 409 So.2d 1316 (La.App. 3rd Cir.1982) (a power saw in a classroom where inexperienced children were present); and Ardoin v. Evangeline Parish School Board, 376 So.2d 372 (La.App. 3rd Cir.1979), (a partially buried piece of concrete protruding from the ground near the base line of a softball diamond); the condition under consideration here, namely, a small unpaved dirt area containing a few indigenous rocks, was far from being unreasonably hazardous. In fact, it was even less so than the conditions considered in Capers v. Orleans Parish School Board, 365 So.2d 23 (La.App. 4th Cir.1978) (trash dumpster and bins in the school yard) and Partin v. Vernon Parish School Board, supra, (tree stump without jagged protrusions) which were held not to be unreasonably hazardous.
The judgment appealed from is affirmed.
AFFIRMED.