459 So.2d 665 (1984)
Doretha AUGUSTUS, Individually and on Behalf of Her Minor Child, Jasmin Augustus
v.
JOSEPH A. CRAIG ELEMENTARY SCHOOL, New Orleans Public Schools and the City of New Orleans.
No. CA 1890.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
Clyde A. Ramirez, I. David Warner, III, Patricia D. Miskewicz, New Orleans, for plaintiff-appellee.
James A. Gray, II, Jefferson, Bryan & Gray, New Orleans, for defendants-appellants.
Before GULOTTA, SCHOTT and WARD, JJ.
SCHOTT, Judge.
This suit arose out of an accident in which six year old Jasmin Augustus was injured while playing on the grounds of Craig Elementary School in New Orleans. From a judgment in favor of the child's mother, defendant, Orleans Parish School Board, has appealed. The issue is whether the Board is liable as a matter of law to the child's parent, because of lack of supervision even though the accident occurred after school hours.
We find the facts to be as follows: Jasmin was a kindergarten student at Craig school on the date of the accident. The school day ordinarily ended at 3:00 P.M. and the gates were usually locked at about 3:15 P.M. when all the children had left the *666 grounds. On this day Jasmin and his nine year old cousin, Revia, left the school at three, but they returned at about 3:30 to participate in a track practice conducted by the Tambourine and Fan Club (T & F). T & F worked with the principal and the teachers to sponsor athletic events, educational programs and other activities with the approval of the Board's District Superintendent. The principal announced to the children over the school's public address system that T & F's track practice would be held on the school grounds. The teachers distributed flyers to the children advertising the track practice, soliciting the parents' permission for participation, and informing them as follows:
THIS IS A TAMBOURINE & FAN ACTIVITY; STAFFED BY TAMBOURINE & FAN, NOT BY CRAIG SCHOOL OR ORLEANS PARISH SCHOOL BOARD. HOWEVER THERE WILL BE TIGHT SUPERVISION.
When Jasmin and Revia arrived at the school for the practice the gates were open so they went in to wait for their T & F coach. While waiting along with other children they began to play with a tether ball pole which was an iron rod about four feet long mounted on a base of concrete in a rubber tire. Some of the children had laid the pole on its side in order to roll it around in a circle while the children jumped over it. As Jasmin was doing this he fell and the tire rolled on his head injuring him.
The same kind of accident occurred in Santee v. Orleans Parish School Bd., 430 So.2d 254 (La.App. 4th Cir.1983); i.e., a young child was injured from a tether ball pole being rolled around by other children in the school yard. This court held that the Board was liable because of its failure to supervise the children adequately. However, this occurred during school hours whereas Jasmin's accident occurred at least a half hour after school closed.
Ordinarily there is no duty on a school to supervise a school yard after school hours, Ulm v. Gitz, 286 So.2d 720 (La.App. 4th Cir.1974); but under the facts of the instant case this general rule does not apply. While T & F was an independent group not formally related to or connected with the school, it had the permission of the Board's District Superintendent and the school's principal to use the school grounds; the school's principal and teachers worked with T & F's personnel in various activities; and the principal announced the practice over the public address system. Perhaps most important of all, from a flyer distributed by the teachers the parents were assured that their children would be under "tight supervision" while they practiced on school grounds. Under the circumstances of this case we conclude that the trial judge properly concluded that the Board was liable for Jasmin's injuries because it breached its duty to supervise the children.
Accordingly, the judgment is affirmed.
AFFIRMED.