524 So.2d 138 (1988)
Henry LANEHEART and Doris Laneheart Individually and on Behalf of Their Minor Son, Eric Laneheart
v.
ORLEANS PARISH SCHOOL BOARD and the City of New Orleans.
No. CA-8505.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*139 Jack J. Charbonnet, Kenny M. Charbonnet, Charbonnet & Charbonnet, New Orleans, for plaintiff-appellant.
James A. Gray, II, Jefferson, Bryan, Gray & Jupiter, New Orleans, for defendant-appellee.
Before BARRY, KLEES and PLOTKIN, JJ.
KLEES, Judge.
Plaintiff appeals the trial judge's dismissal of his personal injury action against the Orleans Parish School Board. We reverse.
On January 17, 1986, ten-year-old Eric Laneheart was injured when he fell while playing in the schoolyard of Edgar P. Harney School, where he is a student. Eric had arrived at school in time for the breakfast program, which begins at 8:00 a.m. After eating his breakfast in the cafeteria, he went outside into the yard to play. Although there were a number of students playing in the yard, no teacher was on duty. While playing football, Eric apparently got into a scuffle with another student, Keana Wise. Eric slipped and cut the side of his face on some glass or rocks in the yard. He was taken to a hospital emergency room where the cut was surgically repaired. As a result of the accident, Eric has a small scar in front of one ear and a barely noticeable scar on the ear itself.
Eric's parents brought suit against the Orleans Parish School Board on his behalf, alleging that the school authority was liable for failing to provide adequate supervision for the children in the schoolyard and for allowing a hazardous condition (the pile of broken glass and rocks upon which Eric allegedly fell) to exist in the yard. After a full trial on the merits, the district judge found that Eric was injured because he was fighting with another student. Ruling from the bench, the trial judge held that "[t]he School Board is not the insurer of *140 the safety of all students and ... in this case the School Board is not responsible for the injuries in question...." The court dismissed the suit, and the plaintiffs have appealed. After reviewing the record, we find the trial judge's decision to be manifestly erroneous. Although plaintiffs did not prove the existence of a hazardous condition in the schoolyard, they did prove that Eric's injury was directly related to the failure of the school authority to maintain adequate supervision of the students, for which the school board is liable.
In order for a school board to be liable for an injury caused by a dangerous or hazardous object on the school grounds, plaintiff must show that the school authority had actual or constructive knowledge of the unreasonably hazardous condition. Lawrence v. Grant Parish School Board, 409 So.2d 1316, 1318 (La.App. 3d Cir.1982), writ denied, 412 So.2d 1110 (La.1982); Ardoin v. Evangeline Parish School Board, 376 So.2d 372, 374 (La.App. 3d Cir.1979); Lewis v. St. Bernard Parish School Board, 350 So.2d 1256, 1257 (La.App. 4th Cir.1977). Constructive knowledge of such a defect exists if it is so inherently dangerous that the school authority should have known of it. Ardoin, supra, at 374; Lewis, supra, at 1258.
In the instant case, plaintiffs failed to show either actual or constructive knowledge of a defect in the schoolyard. The parent of one student testified that she saw Eric fall into a pile of glass, and another parent stated that she pulled a sliver of glass from Eric's ear while attempting to clean his wound. The plaintiffs also introduced a photograph taken three days after the accident that allegedly showed the glass upon which Eric fell. Viewing the photograph, however, the ranking teacher at the school stated that the glass could not have been there and even indicated that she thought it had been "planted" for the photograph. There was no evidence showing either the length of time that the glass had been in the schoolyard or actual knowledge on the part of the school authority. Whether or not there was a defect, however, it is undisputed that Eric fell and cut himself on something on the playground, which was admittedly rocky. In view of this fact, the presence or absence of glass is irrelevant because the school board is liable for failing to maintain adequate supervision of the children.
Although it is impossible for the school authority to directly supervise every child, the law requires reasonable supervision. Henix v. George, 465 So.2d 906, 910 (La.App. 2d Cir.1985); Hampton v. Orleans Parish School Board, 422 So.2d 202, 203 (La.App. 4th Cir.1982). While there is generally no duty to supervise the school grounds after school hours or during the summer (Ulm v. Gitz, 286 So.2d 720 (La. App. 4th Cir.1973), writ denied, 290 So.2d 332 (La.1974)), the school must provide supervision for children who are waiting on the grounds for the school bus (Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3d Cir.1966)), or participating in an after hours activity sanctioned by the school (Augustus v. Joseph A. Craig Elementary School, 459 So.2d 665 (La.App. 4th Cir.1984)). Concerning "reasonable" supervision, we have previously held that a playground was inadequately supervised where there were two teachers watching approximately two hundred students. Santee v. Orleans Parish School Board, 430 So.2d 254 (La.App. 4th Cir.1983). We have also found that it was negligent for a teacher to allow a sixth-grader to "mind" some first-graders. Schnell v. Travelers Insurance Company, 264 So.2d 346 (La. App. 4th Cir.1972), writ denied, 262 La. 1171, 266 So.2d 448 (1972).
The evidence presented in this case leaves no doubt that there was inadequate supervision by the school authority. Between 8:00 a.m. and 8:30 a.m., there was one teacher in charge of the breakfast program in the cafeteria and no teacher on duty in the yard. The ranking teacher, Mrs. Williams, testified that the children were not allowed to go outside to play after breakfast until the 8:30 bell rang. Nevertheless, the evidence indicates that there were many other children on the playground that morning besides Eric, who was injured at approximately 8:20 a.m. Parents *141 can reasonably expect that their children will be supervised from the time the school breakfast program begins at 8:00 a.m. until the students leave the school grounds. Therefore, the school authority should have either prevented the children from leaving the cafeteria before 8:30 a.m. or provided appropriate supervision in the yard. Mrs. Williams indicated that the teachers had to rely on the students not to go outside because "Mr. Black and no other one person [in the cafeteria] can control 100 children." This testimony suggests that there was inadequate supervision not only on the playground, but also in the cafeteria.
In order to recover, plaintiffs must show both a lack of reasonable supervision and a causal connection between the lack of supervision and the accident, that is, that the accident could have been avoided by the exercise of the required degree of supervision. Patterson v. Orleans Parish School Board, 461 So.2d 386, 387 (La.App. 4th Cir.1984); Nash, supra, at 509. In the instant case, plaintiffs met this burden. Although there was some dispute as to whether Eric was playing football, fighting, or both when he fell, Mrs. Williams testified that a teacher on duty on the playground would have stopped either activity, as both were prohibited. Under the circumstances, we find that reasonable supervision of the schoolyard at the time of the accident could have prevented the injury.
Under the facts of this case, the trial court's failure to find the school board liable for the lack of supervision of the playground is manifest error. Although the trial judge stated that he had a problem with the credibility of the plaintiffs' witnesses, we have not relied upon their testimony to reach our conclusion, but rather on the undisputed facts that Eric fell and injured himself during "school" time in a completely unsupervised area where the school authority should not have allowed the children to be. We have also relied upon the testimony of Mrs. Williams, with whose veracity the trial judge stated he was particularly "impressed", that appropriate supervision could have prevented the accident.
Accordingly, for the reasons expressed herein, we reverse the judgment of the district court and render judgment in favor of plaintiffs against the Orleans Parish School Board. The evidence of damages presented at trial included the hospital emergency room record, photographs of Eric's scars, and testimony that Eric missed two weeks of school due to pain from his injury. Based on this evidence, we award plaintiffs damages in the amount of three thousand dollars ($3,000.00) against the Orleans Parish School Board, with all costs to be borne by defendant.
REVERSED AND RENDERED.