422 So.2d 1207 (1982)
Mrs. Helen STRICKLAND
v.
AMBASSADOR INSURANCE COMPANY, et al.
No. 15061.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
Rehearing Denied December 16, 1982.
*1208 Ralph Brewer, Baton Rouge, for plaintiff-appellant.
Terrence C. McRea, Baton Rouge, for James Deshotel.
Eric A. Kracht, Baton Rouge, for defendants-appellees.
Allen H. Danielson, Jr., New Orleans, for Ambassador Ins. Co.
W. Lee Overton, Clinton, for Robt. Hall, Jr.
Before COVINGTON, LEAR and LANIER, JJ.
LEAR, Judge.
This suit arises from an accident in which Michael Meeks (Meeks), minor son of plaintiff-appellant Helen Strickland (Strickland), was killed while attempting to jack up a mobile home. Plaintiff filed suit against several defendants, including James Deshotel (Deshotel). Deshotel moved for and was granted a summary judgment. Strickland appeals from that judgment.
The facts, as related by Deshotel in his deposition, are not in dispute. On October 18, 1978, Meeks, who was employed part time after school to level mobile homes, asked his friend Deshotel to help him get a mobile home out of a ditch in which it was stuck. The mobile home was located in a field several miles outside of Jackson, Louisiana. The two boys drove out to the site of the mobile home, whereupon Meeks crawled beneath the mobile home and Deshotel *1209 handed him several two by fours. Deshotel then sat on a brick at the side of the mobile home and watched Meeks work. Meeks placed a jack on top of the two by fours and positioned it under an I-beam. Meeks was lying on his left side and operating the jack with his right arm in an attempt to raise the mobile home. At this time, the jack slipped from under the I-beam and the mobile home fell, pinning Meeks beneath it. Deshotel then reached beneath the mobile home, retrieved the jack and attempted to position it so that he could raise the mobile home. However, Deshotel stated in his deposition that by this time Meeks had died. Deshotel then left the scene and went directly to the sheriff's office.
In her appeal, plaintiff argues that Deshotel had a duty to warn Meeks of the dangerousness of the situation and a duty to attempt to rescue Meeks after the accident occurred, and that Deshotel breached both of the above duties.
With respect to the first issue, we find that Deshotel had no duty to warn Meeks of the dangerousness of the situation. Deshotel was in no way involved in the direction of the operation and his participation was minimal (i.e., handing the two by fours to Meeks). It was Meeks who had worked with mobile homes prior to the accident; it was Meeks who was most familiar with the method for jacking up and leveling mobile homes; and therefore, it was Meeks, himself, who was in a position to know of and appreciate the danger of the situation.
It is widely recognized in the field of tort law that the courts do not impose a general duty to come to the aid of one who is in peril, that is, one will not be held legally liable for his inaction even though his assistance could have saved the injured party. There are, however, certain well-delineated circumstances under which a duty is imposed.
There is a legally recognized duty to render assistance in situations where the plaintiff's peril or injury is due to negligence on the part of the defendant or in situations where one begins rescue and thereby discourages others from aiding the injured party. From the undisputed facts presented in Deshotel's deposition it is apparent that Deshotel was in no way responsible for Meeks' injury. Furthermore, Deshotel's actions did not discourage others from aiding Meeks.
The courts will also find a duty to aid where there is a special relation between the parties. For example, the courts have found that the following relationships give rise to a duty: carrier and passenger; innkeeper and guest; shopkeeper and business visitor; jailer and prisoner; and school and pupil. W.L. Prosser, The Law of Torts, 340-343 (4th Ed. 1971). See also 12 F.F. Stone, Louisiana Civil Law Treatise: Tort Doctrine, 415-416 (1977). The facts in this case do not describe one of these traditional relationships, therefore Deshotel had no legal duty to render assistance to Meeks.
For the above reasons, we affirm the judgment of the district court. Costs are to be paid by plaintiff-appellant.
AFFIRMED.