PLOTKIN, Judge,
dissents with written reasons:
Because I strongly disagree with the holding that the New Orleans Parish School Board did not breach any duty in its method of disposing of the duplicating fluid and believe that the majority misinterpreted both the doctrine of duty/risk and the concept of foreseeability, I respectfully dissent.
My review of the record reveals that the trial court’s statement of the facts, adopted by the majority, is correct, except on one point. The trial court found that the plaintiff, Ernest Brown, intended to join the other children who were playing with the duplicating fluid when he came down the steps of his apartment house just prior to the accident. However, at trial, Ernest testified that he watched the other children playing with the fluid from his second-floor bedroom window for about 20 minutes and that he waited until they had left the area before he went down the stairs. He stated that he intended to go to his brother’s house in the next building at that time. However, when he went around to the back of his building, he discovered that the boys playing with the duplicating fluid had simply moved into the next courtyard. Ernest stated that he turned around to leave when he saw the children, then looked back. That was when he was struck by the “ball of fire.”
As noted by the majority, the most recent Louisiana Supreme Court cases on the subject state that the three elements of a cause of action in negligence are causation, fault and damages. St. Hill v. Tabor, 542 So.2d 499 (La.1989); Gresham v. Davenport, 537 So.2d 1144 (La.1989).
In the instant controversy, the trial court and the majority agree that the plaintiff proved both the first and third elements of a cause of action in negligence against the school board. The trial court found that employees of the school placed “a large number” of cans which either previously contained duplicating fluid or contained “some amounts” of duplicating fluid in the trash dumpster at Dunn Elementary School. Leonard Kisack and Gerald Preston testified at trial that they obtained the duplicating fluid which caused plaintiff’s injuries from that dumpster. Therefore, causation and damages were established.
However, the trial court and the majority found that the second element of a cause of action in negligence — fault—was not proven. The Supreme Court jurisprudence cited above and quoted by the majority indicates that three sub-elements are involved in the determination of legal' fault: (1) whether the defendant owes the plaintiff a duty, (2) whether the risk which caused the accident was within the scope of the duty and (3) whether the defendant breached the duty. St. Hill, supra; Gresham, supra. In the instant case, the trial court determined that the school board had a duty either to properly dispose of the duplicating fluid or to “denature” the substance “to such an extent that its flammable nature was rendered non-existent.” The trial court found that the risk which caused the harm was not within the scope of the duty owed by the defendant. However, in my view, he failed to properly address the “risk” element of the analysis. He concludes simply that even though the defendant school board owed a duty to the plaintiff, the plaintiff failed to prove a “complete breach” of that duty.
In determining whether the risk of harm is within the scope of the duty owed by the defendant, courts traditionally analyze the “foreseeability” of the risk. See Calloway v. City of New Orleans, 524 So.2d 182, 186 (La.App. 4th Cir.1988), writ denied 530 So.2d 84 (La.1988). In this case, the testimony in the record establishes that employees of the school were aware both that children from the adjacent housing project often played on the school grounds and that those children often rummaged through the trash dumpster looking for things to either take to their homes or to play with. The principal of the school and other school board employees also testified *89 that the Dunn School experienced a lot of vandalism and break-ins.
In order to impose liability for injury caused by a dangerous or hazardous object found on school grounds, a plaintiff must also show that the school authority had either actual or constructive knowledge of the unreasonably hazardous condition. Laneheart v. Orleans Parish School Bd., 524 So.2d 138 (La.App. 4th Cir.1988). The transcript is rift with testimony concerning the board’s policy concerning the storage of duplicating fluid. Generally, the record indicates that it was board policy to keep all duplicating fluid under lock and key. The reason for this action was the extremely flammable nature of the substance. Certainly those facts show the school board’s actual knowledge of the dangerous condition of the duplicating fluid and indicate that the risk of burn injury was within the scope of the duty to properly dispose of or denature the duplicating fluid.
It was reasonably foreseeable that some injury would result from disposing of a highly dangerous product in a routine fashion. Unquestionably, a special risk is unleashed when a dangerous chemical is stored in such a manner that it is easily accessible to young or immature persons. Under such circumstances, a high degree of care is owned because of the product’s inherent danger and the probability that a person lacking maturity and responsibility will misuse the product and cause injury to himself. It is also reasonably foreseeable that the user’s misconduct will create risks for foreseeable third party victims, such as the plaintiff in this case. There is no difference between the recognizable risk of a minor’s misuse of an inherently dangerous object and the likelihood that the minor will cause personal or property damages to others.
The concept of foreseeability does not require that the defendant be aware of the precise risk presented, the exact consequences encountered or the precise manner the accident occurred. 4 F. Harper, F. James, Jr. and O. Gray, Law of Torts Sec. 205, pp. 162-65 (2d ed. 1986). The doctrine of foreseeability is comprehensive and capacious. Although the risk and type of harm which characterizes the defendant’s conduct as negligent must be foreseeable, the precise manner in which the accident occurs need not be.
The determination of whether the defendant owes a duty to the plaintiff involves a consideration of whether the plaintiff was within the radius of the risks created by the defendant’s misconduct. The question of proximate cause involves determination of whether the result was within the risk or risks which antecedently made defendant’s conduct unreasonably dangerous.
The Louisiana legislature and the courts have attempted to create a legal “shield of security” against dangers inherent to minors because of their lack of maturity and responsibility. For example, our criminal law prohibits taking advantage of minors— LSA-R.S. 14:74 et seq. defines criminal neglect of family, LSA-R.S. 14:80 et seq. prohibit immoral sexual behavior involving minors, LSA-R.S. 14:90 et seq. prohibit the sale of alcoholic beverages and other harmful materials to minors, LSA-R.S. 14:92 et seq. prohibit contributing to the delinquency of juveniles, LSA-R.S. 14:93 prohibits cruelty to and abuse of juveniles. Several provisions of the civil law are also designed specifically to protect minors, such as LSA-R.S. 23:161 et seq., which prohibit employment of minors in certain occupations, and LSA-R.S. 46:2121 et seq., which is the Protection from Family Violence Act. These laws attempt to extend special protection to minors because of their susceptibility to harm.
As a natural outgrowth of this attempt to guard children from harm, certain groups, including educators, are considered to stand in a special relationship to children. Strickland v. Ambassador Ins. Co., 422 So.2d 1207, 1209 (La.App. 1st Cir.1982). Schools owe an affirmative duty of care to minors by virtue of this special relationship between the two groups. Educators therefore have a responsibility to avoid taking actions which might result in harm to minors. Thus, Louisiana law recognizes an affirmative duty of care owed by the school board to the plaintiff herein.
*90 Once a minor comes into possession of an inherently dangerous product, i.e. the duplicating fluid, the manifestations of his conduct, endangering himself and others, are easily foreseeable. Obviously, children who possess a flammable substance can be expected to light it, to attract other children to join in the play and to commit criminal acts or engage in other misadventures.
An additional reason the school board should be held liable for the plaintiff’s injuries in this case is the fact that recent Louisiana Supreme Court jurisprudence recognizes a duty to third persons injured as a result of a defendant’s misconduct, even when the negligence of another party intervenes. In Fowler v. Roberts, 556 So.2d 1 (La.1989), the court held the Louisiana Department of Public Safety liable for injuries sustained by plaintiff as a result of the department’s issuance of a driver’s license to a person known to be prone to seizures. The liability was hinged on the fact the department failed to institute reasonable procedures for monitoring the condition of the driver.
Had the defendant in the instant case given a young child a loaded gun, there would be no question of its liability. This result would be based on recognition of the fact that it is foreseeable that a child, because of his inexperience, immaturity and incompetence, could harm himself and others through misuse of the gun. The same logic should dictate the result in this case, where young children, from improverished families and neighborhoods, removed an inherently dangerous substance from an open container, played with the substance, and caused injury to a third party.
However, the trial court concluded that, despite all these facts, the plaintiff failed to prove a breach of the duty to properly dispose of or denature the duplicating fluid. The trial court’s reasons indicate that it was permissible for the school board to place the duplicating fluid in the dumpsters “on the day, or shortly before the day, that a trash pick up was scheduled.” The majority goes even further than the trial judge and finds that the cans were placed in the dumpster “on the day designated for the collection of the trash.”
The record does not support either of those factual conclusions. Wilbert Dunn, the principal of the school, testified that the dumpster was emptied about three times a week during the school year, but that it was not regularly emptied during the summer, when this incident occurred. Edward McFloyd, the head custodian at the school, testified that during the summer the dumpster was emptied no more than once a week, that the truck driver would pass by to check the dumpster occasionally, but that he emptied it only if, and when, it was full.
Nevertheless, the trial judge concluded that the plaintiff failed to show a breach of the duty, partly because he failed to prove the approximate date upon which the cans were placed in the dumpster. He then stated that “the [school board] would have been negligent in either not seeing that the cans were picked up promptly or in disposing or in placing the cans in the dumpster long before their being picked up.” That conclusion gives the school board license to leave dangerous substances, for some unspecified period of time, in locations which it knows are accessible to children who might become injured while playing with the materials.
Proof of the date when the cans were placed in the dumpster should not be a part of the plaintiff’s burden. The defendant has a duty to properly dispose of the cans of duplicating fluid. The risk of burn injury was within the scope of that duty. Placing cans of a flammable substance in a dumpster which the defendant knew was accessible to children was a breach of that duty, no matter when that action was taken. Therefore, I would hold that the plaintiff proved legal fault and therefore met his burden of proving all three elements of a cause of action in negligence against the defendant school board.
For the above and foregoing reasons, I would reverse the trial judge’s judgment dismissing the plaintiff’s cause of action against the school board and render a judg *91 ment holding the school board liable for the plaintiffs injuries.