264 So.2d 346 (1972)
Mr. L. C. SCHNELL, Individually and on behalf of his minor daughter, Janet Schnell
v.
The TRAVELERS INSURANCE COMPANY.
Mr. L. C. SCHNELL, Individually and on behalf of his minor daughter, Janet Schnell
v.
JEFFERSON PARISH SCHOOL BOARD.
No. 4841.
Court of Appeal of Louisiana, Fourth Circuit.
June 20, 1972.
Rehearing Denied July 18, 1972.
Writ Refused September 28, 1972.
Wallace C. LeBrun, Metairie, for defendant-appellant.
Frederick J. Gisevius, Jr., New Orleans, for plaintiff-appellee.
Before REDMANN, GULOTTA and BOUTALL, JJ.
REDMANN, Judge.
Defendant school board appeals from a judgment which cast it for $44,500 damages resulting from a school accident in which plaintiff's then 11-year-old daughter lost sight in one eye when another 11-year-old pushed her hand through a frosted *347 door-pane causing the breaking glass to injure plaintiff child's eye.
(Also case, in a consolidated suit, was the other child's father's insurer, within its policy limits. It took no appeal.)
The accident occurred during a school lunch recess. Plaintiff child, a sixth-grader, had permission of a first-grade teacher (her aunt) to "mind" some first-graders, work with them on vocabulary words and phrases, and read to them. Of the few pupils involved the teacher testified "Well, these particular ones weren't athletic. They preferred to be on a quiet side and listen to stories and be congenial with one another. They got along real good because of this. That is why I gave [plaintiff child] permission."
Four other sixth-graders were in the area of the two first grade classrooms. Only one, Martha, testified. Her testimony was somewhat in conflict with that of plaintiff child, Janet. Martha said (and Janet denied) that Janet had told the other girls they had permission to help with the few first-graders in the room areas. Martha's testimony is to the effect that she was pushing on the door to get into the room in which Janet was when, meeting resistance, her hand slipped because greasy from eating potato chips, and went through the door-pane (wide as the door), cutting her own arm as well as causing Janet's regrettable injury.
The trial judge reasoned that the school board's liability "is based on the negligence of its employee [the first-grade teacher] in permitting the 11-year-old Janet to take charge of her class, or a portion thereof. * * * [A] teacher must be competent to handle a myriad of disciplinary problems which may arise. It was in this respect that the 11-year-old Janet was woefully ill-equipped for her task. * * *"
The majority of this court agree with this analysis by the trial judge.[1] It was negligence for the first-grade teacher to send Janet into, or knowingly permit her to be in, an unsupervised position when the natural playfulness of other children, inclined to tease or interfere with a child "teacher", might result in such horse-play as did occur. This negligence did cause the damage Janet suffered.
A second ground on which we find the school board liable is its failure to have, in the door, glass of such characteristics that it would not break when a 11-year-old's hand might accidentally strike it with force. See Johnson v. Orleans Parish Sch. Bd., 261 So.2d 699 (La.App.1972), holding it negligence to merely tape a cracked window which broke and injured a child when she leaned against it. Factually dissimilar, the case is in fundamental principle pertinent here.
The judgment appealed from is affirmed.
NOTES
[1] In the author's opinion this reasoning shows only a breach of a duty owed to the first-grade children and not a breach of any duty owed to sixth-grader Janet. Had a six-year-old been injured while obliged by a teacher to stay in a class supervised only by an 11-year-old, the argument of the 11-year-old's inadequacy would be pertinent. The duty of adequate supervision of a class is owed to the class, and not to the inadequate substitute teacher (though Janet's position was hardly such, nor the four or five children a "class").

I view Janet's permission to be with the younger children as only circumstantially related to her injury. The horseplay which injured her might as easily have occurred irrespective of whether she had a few first-graders in her charge.
I am unable to distinguish the present sad accident from any other between schoolmates insofar as concerns the school board's liability on grounds of lack of supervision. See Bourgeois v. Indemnity Ins. Co. of No. America, 60 So.2d 718, 721 (La.App.1952).