344 So.2d 1116 (1977)
Bessie RICHARD et al., Plaintiffs-Appellants,
v.
ST. LANDRY PARISH SCHOOL BOARD et al., Defendants-Appellees.
No. 5864.
Court of Appeal of Louisiana, Third Circuit.
April 13, 1977.
Guillory, McGee & Mayeux by Donald L. Mayeux, Eunice, for plaintiffs-appellants.
Young & Burson by I. Jackson Burson, Jr., Eunice, for defendants-appellees.
Before GUIDRY, FORET and HEARD, JJ.
HEARD, Judge.
This is a personal injury suit brought by Bessie Richard in her own behalf and as *1117 natural tutrix of her minor child, John Gary Richard, who was injured while a third grade student at North Elementary School in Opelousas by receiving a cut on the eye with a small paring knife in the hands of a fellow pupil, Larry Jolivette.
On March 15, 1971, John Gary Richard, an eight-year-old third grader at North Elementary School, Opelousas, Louisiana remained after class, at the request of the teacher to help tidy up the classroom. Two other boys, James Antoine and Larry Jolivette, also remained at school. The teacher, Mrs. Martel, after school, went to her home, leaving the boys unsupervised.
In the course of cleaning the classroom, Larry Jolivette, although forbidden by his teacher, went through her desk drawers and found a small paring knife used by the teacher to sharpen crayons. He then called Gary Richard to come see the knife. As Gary Richard turned to see the knife, he was cut on the left eyelid.
Gary went to two doctors, Dr. G. W. Prather and Dr. Merrick Wyble, who found that it was a minor injury that had not injured the eyeball.
The plaintiff brought suit against the St. Landry Parish School Board, Lee Jolivette, father of Larry Jolivette and the teacher, Mrs. Laura Talbot Martel.
The trial court found that the teacher was not negligent in leaving the knife in her desk or in leaving the children unsupervised, and denied plaintiff recovery from which judgment the plaintiff has perfected a devolutive appeal.
The plaintiff-appellant states that the trial court erred in failing to find that Laura Martel and St. Landry Parish School Board were negligent by leaving the three boys unsupervised in the classroom and, by Laura Martel leaving a knife in her unlocked desk drawer, her negligence being the proximate cause of the accident.
The defendants-appellees contend that the appeal should be dismissed for the reason that plaintiff failed to perfect his appeal within the time limit provided for in C.C.P. articles 2087 and 1974. The contention is invalid as the delay for applying for a new trial under C.C.P. article 1974 is seven days and not three days as defendants contend.
In support of the contention of the plaintiff he cites the following cases: Station v. Travelers Insurance Company, 292 So.2d 289 (La.App. 1 Cir. 1974); McDonald v. Terrebonne Parish School Board, 253 So.2d 558 (La.App. 1 Cir. 1971), writ denied, 260 La. 128, 255 So.2d 353 (La.App. 1 Cir. 1971); Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3 Cir. 1975); Schnell v. Travelers Insurance Company, 264 So.2d 346 (La.App. 4 Cir. 1972); Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3 Cir. 1966).
In Nash v. Rapides Parish School Board, 188 So.2d 508 (La.App. 3 Cir. 1966), a child was struck in the eye by another child while waiting for the bus. The parents charged that the school board was negligent for failing to provide adequate supervision. The court held that the school board was not liable as there was no proof of a causal connection between the lack of supervision and the accident. We feel that the same rule applies in this case.
Plaintiff contends that it was negligence to leave an inherently dangerous instrument such as a knife in the unlocked desk drawer. He cites Station v. Travelers Insurance Company, 292 So.2d 289 (La.App. 1 Cir. 1974), in which a teacher was held liable for failing to warn two students not to light an alcohol burner that they were working with when it exploded, blinding one of them. Plaintiff claims the knife, like the alcohol burner, is inherently dangerous and should not be used without supervision. We feel that this case is inapposite to the present case for the reasons that the alcohol burner was placed in the hands of the students by the teacher who left them unsupervised. In the present case, the paring knife was in a desk drawer and the students were forbidden to go near the desk. The teacher had not placed it in the control of the students and left them unsupervised. Further, as pointed out by the *1118 trial court, the same injury could have occurred had the children used a pencil or wooden pointer in the same manner they used the knife.
In Simmons v. Beauregard Parish School Board, 315 So.2d 883 (La.App. 3 Cir. 1975), this court held the school board liable when a child was injured when the firecracker powder he was using exploded and injured him. The court found again that in encouraging the child to build the project without checking to see what materials were being used in its construction, the teacher involved was negligent.
In McDonald v. Terrebonne Parish School Board, 253 So.2d 558, the teacher left the classroom unsupervised when she went to the teacher's lounge to get coffee. While she was gone two boys engaged in a scuffle and one threw a broom at the other which tragically struck the boy in the eye in such a manner as to cause the loss of its sight.
The court in failing to find the teacher negligent in leaving the class unsupervised stated: "The fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees." Bourgeois v. Indemnity Insurance Co. of North America, 60 So.2d 718 (Orl.La.App. 1952); see also Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3 Cir. 1977).
Again in the present case the knife involved was not placed in the hands of the child by his teacher.
The trial court found the defendants free of negligence. We find no manifest error in his findings.
All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.