419 So.2d 13 (1982)
Joseph Ernest NARCISSE, Adm. of the Estate of His Son Kevin Joseph Narcisse, Plaintiff-Appellant,
v.
CONTINENTAL INSURANCE COMPANY and the Lafayette Parish School Board, Defendants-Appellees.
No. 82-29.
Court of Appeal of Louisiana, Third Circuit.
July 28, 1982.
*14 John G. Poteet, Jr., Lafayette, for plaintiff-appellant.
Simmons & Doyle, Gracella Simmons, Baton Rouge, for defendants-appellees.
Before SWIFT, DOUCET and LaHAYE[*], JJ.
DOUCET, Judge.
Plaintiff's son, a first grader at St. Antoine's School in Lafayette, was injured when a classmate shut a heavy metal door on the child's thumb. Plaintiff sought recovery from the school board and its insurer on two grounds: 1) The door involved was unreasonably hazardous, and 2) the school was negligent in its supervision of the school children involved. The trial court rendered judgment in favor of defendants and plaintiff appeals. We find the record is void of proof supportive of plaintiff's first contention and further find that the school board was not remiss in its duty to supervise.
On May 8, 1980, Kevin was leaning with his hand on a classroom door frame when a fellow student stumbled and hit the door, closing the heavy metal door on Kevin's thumb, severely smashing it. The incident occurred during lunchtime when only a few students were in the classroom and while the teacher had temporarily stepped out to go to the ladies' room.
Suit was filed by Joseph Narcisse on behalf of his minor son against the Lafayette Parish School Board and its insurer, Continental Insurance Co., wherein it was alleged the particular door in question was unreasonably hazardous to children under the Board's supervision and, alternatively, that the board was negligent in supervising the children.
At trial on the merits plaintiff produced evidence relative to the door involved. It was established that the door was made of metal, weighed 112 pounds,[1] and lacked a doorstop or closure. Dr. Louis V. McIntire, a chemical engineer with training in mechanical engineering and physics, was tendered as an expert witness. However, on traversal, when questioned about the safety design and use of doors, Dr. McIntire admitted that he had no prior experience in this regard. Accordingly, the court allowed the witness to be qualified as an expert generally in mechanical engineering, but not specifically doors. Also in support of his claim, plaintiff sought to introduce photocopied portions of the National Fire Code *15 and the Southern Building Code International, and two photocopied pages entitled "Architectural Graphic Standards, American Institute of Architects, John Wiley & Son, Inc." The trial court disallowed introduction of this evidence.
The trial court ruled in favor of defendants, dismissing plaintiff's claim. From that judgment plaintiff has taken a devolutive appeal, maintaining the same theories of recovery[2].
Appellant contends that a metal door of such weight, without a closure, placed in a school building amidst children, is an unreasonable risk of harm, particularly when one considers the relative ease, mechanically and financially, with which the risk could be reduced via installation of safety devices. However, we need not address this issue as the record is void of supporting proof.
Plaintiff's strict liability claim is simply not supported by the evidence. His expert witness, an engineer, had no prior experience concerning door design or safety, and thus he was qualified and accepted by the court as an expert on a fairly narrow range of subjects. Testimony as to safety or design of doors would have clearly been outside of his field of expertise, as the trial court correctly concluded.
Plaintiff sought to introduce the aforementioned documents pursuant to LSA-R.S. 13:3713, which provides, inter alia, that official regulations of federal agencies or commissions may be evidenced "... by the federal register or by a printed book or pamphlet or periodical purporting to be published by the U.S. Government Printing Office ... by authority ... shall be received in all courts ... as prima facie evidence..." (emphasis added). We do not believe a litigant can avail himself of this provision by tendering selected, photocopied portions of a publication, absent additional foundation for its introduction. Hence we need not decide whether the proferred exhibits fall within the ambit of the statute's definition of publications, nor must we address the applicability of Burley v. Louisiana Power and Light Co., 319 So.2d 334 (La.1975), relied upon by appellant. The evidence was properly excluded.
Appellant alternatively argues that the School Board is liable because of its negligence in (1) failing to have a classroom teacher present when the accident happened, (2) failing to have a door stop to hold the door open, and (3) failure to have a closure on the door to prevent it from slamming.
Appellant "cites"[3] the case of Schnell v. Travelers Ins. Co., 264 So.2d 346 (La.App. 4th Cir. 1972) for his proposition that the school board was negligent in its supervision duties. In Schnell, plaintiff's sixth grade daughter lost sight in one eye when another 11-year old pushed her hand through a frosted door-pane when her hand allegedly slipped as she attempted to get into a room in which the sixth grader was "minding" four or five first graders. The Fourth Circuit, in a divided opinion, three-judge panel, held, inter alia, the teacher was negligent in allowing the sixth grader to supervise the first graders. Not only is the case not controlling, it is factually inapposite.
Appellant also cites 38 A.L.R.3d 830, Annot. Tort Liability of Public Schools and Institutions of Higher Learning for Injuries Resulting from Lack or Insufficiency of Supervision, in support of his proposition that the school board was negligent in failing to supervise plaintiff and third party tortfeaser. However, a reading of the annotation discloses that the cases cited therein are inapposite and that the majority of jurisprudence is contrary to plaintiff's contention.
Constant supervision of all pupils is not required. Indeed such a requirement would be virtually impossible in view of *16 class sizes and children's mobility, absent a ball and chain. In the absence of a special, dangerous condition appellee is under no duty to supervise all movements of all children at all times. The record reveals no breach of duty.
As was noted in Lewis v. St. Bernard Parish School Board, 350 So.2d 1256 (La. App. 4th Cir. 1977):
"It repeatedly has been held that `(t)he fact that each student is not personally supervised every moment of each school day does not constitute fault on the part of the School Board or its employees.' McDonald v. Terrebonne Parish School Board, 253 So.2d 558, 562 (La.App. 1st Cir., 1971), writ ref., 260 La. 128, 255 So.2d 353. Accord, Partin v. Vernon Parish School Board, 343 So.2d 417 (La.App. 3rd Cir., 1977); Bourgeois v. Indemnity Ins. Co. of North America, supra [60 So.2d 718, La.App.]"
The unreasonable danger presented, according to plaintiff, is not doors in and of themselves. Doors are known to smash fingers; they are of great utility (as are fingers). Rather, plaintiff's contention is that a door of such weight, without safety devices, presented a dangerous condition. However, when the expert testimony and tendered exhibits mentioned hereinabove are properly excluded from consideration, there is little or no evidence of a dangerous condition. Additionally, the record is deficient with regards to any knowledge, actual or constructive, on the part of defendants, of such a dangerous condition, if one indeed existed.
Furthermore, we have found no jurisprudence imposing an affirmative duty to install closures on classroom doors, and the record does not indicate the absence of same constituted negligence in the case at bar. Accord: Lewis v. St. Bernard Parish School Board, supra. Likewise, we know of no case requiring door stops under the circumstances presented.
For the reasons set forth above the judgment appealed is affirmed at appellant's cost.
AFFIRMED.
NOTES
[*] Judge Joseph A. LaHaye, 27th Judicial District Court, Parish of St. Landry, presided as Judge Ad Hoc in this decision.
[1] The record reveals a comparable wooden door would have weighed approximately 33 pounds.
[2] The alleged errors are not categorically specified. Plaintiff's brief is phrased to the effect that the trial court erred in rendering judgment in defendants' favor other than plaintiff's.
[3] The citation provided, "Schnell versus Travelers Insurance Company, 264 So.2d 346 (1974)", was incomplete inasmuch as counsel did not designate the court rendering the decision.