461 So.2d 386 (1984)
Carolyn PATTERSON, et al.
v.
The ORLEANS PARISH SCHOOL BOARD.
No. CA-2058.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
Dwight W. Norton, James L. Bates, Jr., New Orleans, for appellants.
Ethel A. Sims, New Orleans, for appellee.
Before GULOTTA, KLEES and ARMSTRONG, JJ.
GULOTTA, Judge.
Plaintiff appeals the dismissal of her suit for injury sustained by her first grade child whose hand was caught in a closing restroom door at school. We affirm.
The circumstances of the accident are not in serious dispute. The teacher was escorting the seven year old child, Tremayne Pierce, in a group of approximately *387 twenty-two first grade boys, to use the school bathroom. Upon observing the child with his hand in the opening between the hinged side of the bathroom door and the door frame, the teacher admonished him to take his hand away because the closing door could cut off his fingers. At his teacher's order, Tremayne then joined the rear of the line on the other side of the corridor. However, while the teacher was disciplining another child at the front of the line, Tremayne left the line and returned to an area near the restroom door. According to Tremayne's testimony, another boy pushed him and caused him to place his hand on the door frame a second time. The closing door pinched off the tips of two fingers on Tremayne's right hand.
In exonerating the School Board and dismissing plaintiff's suit, the trial judge concluded that neither the School Board nor its employee-teacher had breached their duty to supervise the child adequately. Appealing, plaintiff contends the trial court manifestly erred in failing to find defendant negligent in its supervision of the "immature" and "mischievous" plaintiff-child under the circumstances. We find no merit to this argument.
A school board is not the insurer of the safety of school children. Prier v. Horace Mann Ins. Co., 351 So.2d 265 (La. App. 3rd Cir.1977), writ denied 352 So.2d 1042 (La.1977); Whitfield v. East Baton Rouge Parish School Board, 43 So.2d 47 (La.App. 1st Cir.1949). Rather, the board and its supervising teachers are required to follow a reasonable standard of care commensurate with the age of the children under the attendant circumstances. Liability is imposed only when there is a causal connection between the lack of supervision and the accident that could have been avoided by the exercise of the required degree of supervision. Prier v. Horace Mann Ins. Co., supra. There is no requirement that the supervisor of a group of children have each child under constant scrutiny. Hampton v. Orleans Parish School Board, 422 So.2d 202 (La.App. 4th Cir.1982); Partin v. Vernon Parish School Bd., 343 So.2d 417 (La.App. 3rd Cir.1977).
Applying the facts of the instant case to the well settled standard of care, we find no error in the trial judge's finding of adequate supervision. The teacher used a safe, orderly procedure to escort the boys to the bathroom and was alert enough to prevent earlier injury to the plaintiff. It was not foreseeable that this child would disobey his teacher and return to the door, where he would be pushed by another student. This student's conduct could only have been prevented by "constant and unremitting scrutiny". Our jurisprudence does not impose such a high standard of supervision in these cases.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.