560 So.2d 633 (1990)
Joseph BROOKS, individually and on behalf of the minor, Joycelyn Ann Brooks
v.
ORLEANS PARISH SCHOOL BOARD.
No. 89-CA-1611.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
*634 Clare Jupiter, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, Orleans Parish School Bd.
Anthony J. Russo, Clarence F. Favret, III, Favret, Favret, Demarest & Russo, New Orleans, for Joseph Brooks, individually and on behalf of the minor, Joycelyn Ann Brooks.
Lloyd N. Frischhertz, Seelig, Cosse, Frischhertz & Poulliard, New Orleans, for defendant-appellee.
Before SCHOTT, C.J., and CIACCIO and WARD, JJ.
WARD, Judge.
The Orleans Parish School Board appeals a $21,284.94 judgment against it for personal injuries and damages sustained by a student, Joycelyn Brooks, while on School Board property. We reverse the judgment.
On October 31, 1986, while playing at recess at Bienville Elementary School Joycelyn Brooks was pushed or fell from a sliding board and fractured her right arm. Joseph Brooks, her father, sued Lisa and Michael Smith and the Orleans Parish School Board for the injuries she suffered. Mr. Brooks alleged that Thomas Smith, the minor son of Lisa and Michael Smith, pushed his daughter Joycelyn off the slide. Mr. Brooks alternatively alleges his daughter fell from the slide. In either case, he alleges the School Board did not provide adequate supervision.
The Trial Court directed a verdict in favor of Lisa and Michael Smith, and after trial rendered a judgment in favor of Joseph Brooks, individually and as tutor of Joycelyn Brooks, and against the School Board. Mr. Brooks did not appeal the directed verdict in favor of Mr. and Mrs. Smith. The School Board appealed, however, and the Board contends the Trial Court erred in finding School Board employees did not properly supervise Joycelyn Brooks at the time of her accident.
Joycelyn, who was five years old at the time of the accident, was one of 30-35 students playing in the school yard when the accident occurred. The students' ages ranged from kindergarten to third grade. Ms. Doris Hill, the teacher on duty supervising the children in the yard at the time of the accident, testified she took up a position close to the merry-go-round because the children tend to go fast on it. Ms. Hill explained that she watches the slides, but does not stand next to them because there have been no previous accidents on the slides, but from her position she could see all the children.
Ms. Hill testified at the time of Joycelyn's accident, she was tending to another child and as soon as she realized that Joycelyn had fallen she rushed to her aid. Joycelyn on several occasions testified another student, Thomas, pushed her off the slide, and confirmed that Ms. Hill came to assist her right after she fell.
Ms. Hill is a teacher with over 22 years experience with young children. She has taken safety courses instructing her how to teach the children to play safely on the playground equipment, and Ms. Hill consistently gave children instructions on how to use play ground equipment. Moreover, Ms. Hill is the lone supervisor in the yard for only a few minutes when she is then joined by another teacher to help her watch the students.
Mr. Brooks has alleged the School Board did not provide adequate supervision, and in brief, he particularly argues that five year old children should not be permitted to use a slide six feet high. Brooks relies upon Rollins v. Concordia Parish School Board, 465 So.2d 213 (La.App. 3 Cir.1985), and other cases which held a school board liable for a child's injury. However, Rollins, supra, and the other cases can be distinguished because those cases involve a claim for damages caused by a defective object or an inherently dangerous piece of equipment. In this case the evidence does *635 not show there is a defect or that the slide is inherently dangerous.
The school board is not the insurer of the safety of its pupils. Prier v. Horace Mann Insurance, Co., 351 So.2d 265 (La.App. 3 Cir.1977), writ denied 352 So.2d 1042. Rather, the board and its supervising teachers are only required to follow a reasonable standard of care commensurate with the age of the children under the attendant circumstances. Id. There is no requirement that the supervisor of a group of children have each child under constant scrutiny. Hampton v. Orleans Parish School Board, 422 So.2d 202 (La. App. 4 Cir.1982).
The evidence does not show either a lack of supervision or negligence in supervision. The evidence only shows that Thomas Smith pushed Joycelyn Brooks off the slide while Ms. Doris Hill, the yard supervisor, was tending to another child. The Trial Court finding of inadequate supervision is manifestly erroneous. The supervision of the Bienville Elementary School play yard provided by the Orleans Parish School board was adequate. We, therefore, reverse the judgment of the lower court casting the Orleans Parish School board in judgment for the injuries sustained by Joycelyn and her father. Costs of the appeal are assessed to the plaintiff.
REVERSED.