572 So.2d 830 (1990)
Mel CLARK, Individually and in his capacity as Administrator of the Estate of the Minor, Marc Clark
v.
JESUIT HIGH SCHOOL OF NEW ORLEANS and Crosman Airguns Company, Inc.
No. 90-CA-0545.
Court of Appeal of Louisiana, Fourth Circuit.
December 27, 1990.
Writ Denied March 8, 1991.
Frank J. D'Amico, Jr., New Orleans, for plaintiff-appellant Mel Clark.
Curry & Blankenship, John T. Holmes, New Orleans, for defendant-appellee Jesuit High School of New Orleans.
Before KLEES, CIACCIO and BECKER, JJ.
KLEES, Judge.
Plaintiff appeals the summary judgment issued by the district court dismissing his *831 lawsuit against Jesuit High School. We affirm.
Plaintiff's son Marc Clark was a student at Jesuit. On March 27, 1987, a few minutes after school dismissal, Marc was leaving the main school building when he was approached outside the doors by a fellow student named Rene Pagan. Unknown to Marc, Rene was carrying a Crosman BB Automatic Pistol in his book bag. After jokingly saying a few words to Marc, Rene reached into his book bag and pulled the trigger of the gun, which discharged a B.B. through the bag. The B.B. struck Marc Clark in the right eye, causing the injuries complained of herein.
Plaintiff filed suit against Jesuit and the manufacturer of the gun. Jesuit brought a motion for summary judgment asserting that it could not be liable for the incident as a matter of law under either a theory of strict liability or negligence. The trial court granted the motion and dismissed plaintiff's action against Jesuit.
On appeal, plaintiff contends that there are genuine issues of fact as to whether Jesuit had constructive knowledge of the situation, so as to be strictly liable, and whether Jesuit was at fault for failing to adequately supervise the students. After reviewing the record, we find that the summary judgment was proper.
For a school to be strictly liable for injuries caused by a dangerous or hazardous condition on its premises, the school authority must have had actual or constructive knowledge of the unreasonably hazardous condition. Laneheart v. Orleans Parish School Board, 524 So.2d 138 (La.App. 4th Cir.1988). In the instant case, there is no dispute that Jesuit personnel had no actual knowledge of the gun being kept by Rene Pagan on the school premises. Plaintiff contends, however, that a question of fact exists as to Jesuit's constructive knowledge.
Constructive knowledge of such a condition exists if the condition is so inherently dangerous that the school authorities should have known of it. Laneheart, supra, at 140. We agree with the trial court that there is no evidence of constructive knowledge on the part of Jesuit. Cases concerning constructive knowledge generally involve a physical condition or defect of the premises which is within the control of the school itself, such as a hole in the schoolyard or broken glass on the floor. The instant case, however, concerns an object in the control and possession of a third person. Rene Pagan testified in his deposition that he had kept the gun in his locker at school for about three weeks prior to the incident. He knew the school had a strict policy forbidding weapons, and therefore attempted to hide the gun from the school authorities. Although Rene had been in detention several times for misconduct, he had never before displayed violent behavior. Under the circumstances, there is no evidence to indicate that Jesuit authorities should have known that Rene had this gun.
Plaintiff argues that the foreseeability of Rene's act is a question of fact precluding summary judgment. We disagree. Jesuit submitted affidavits to the effect that there had not been prior violent incidents at school. It was plaintiff's duty to contradict these affidavits by presenting countervailing evidence. No such evidence was submitted. Plaintiff relies solely on Rene Pagan's unsupported deposition testimony that it was common for Jesuit students to carry weapons such as lead pipes and Chinese stars to school in order to protect themselves from fights with students from a neighboring school. There was no evidence that Jesuit authorities had been faced with violence on the school grounds before this incident. Therefore, we conclude that the trial court did not err in determining that there is no question of fact as to constructive knowledge.
Under a negligence theory, a school can be held liable for failing to adequately supervise students only if the plaintiff proves that the supervision was inadequate and that there was a causal connection between the lack of supervision and the injury. Levine v. Live Oak Masonic Housing, Inc., 491 So.2d 489 (La.App. 3d Cir.1986). Spontaneous or planned acts of violence by students on school grounds do *832 not create liability if the grounds were otherwise well supervised. Nicolosi v. Livingston, 441 So.2d 1261 (La.App. 1st Cir. 1983). In the instant case, one teacher, Father Partridge, stated in his affadavit that he was outside supervising the students at the time of dismissal. We do not consider this to be inadequate supervision for high school aged students. Even if the supervision were found to be inadequate, however, plaintiff could not have established a causal connection between that and his injury. Rene Pagan did not even remove the gun from his book bag before firing. A teacher standing next to Rene would not have noticed anything suspicious about a student reaching into his book bag. The two students involved were admittedly not arguing or fighting. Therefore, in view of the fact that no amount of supervision would have prevented this incident, the trial court did not err in holding that there was no genuine issue of fact regarding inadequate supervision.
Finally, plaintiff argues that the trial court erred by not finding a genuine issue as to whether Jesuit authorities were at fault for not routinely searching the students' lockers. Pretermitting the constitutional First Amendment issue, we find that Jesuit had no duty to search Rene Pagan's locker because there had been no prior indication of a particular problem. Plaintiff did not present any evidence of prior violent incidents on the school grounds. Jesuit cannot be found negligent for failing to search unless it had a duty to search.
Accordingly, we find that there exists no question of fact as to Jesuit's liability and that the trial court did not err in granting defendant's motion for summary judgment. We therefore affirm the judgment of the trial court dismissing plaintiff's claim against Jesuit High School.
AFFIRMED.