577 So.2d 1024 (1991)
John DOE, etc.
v.
CITY OF NEW ORLEANS, Orleans Parish School Board, et al.
No. 90-CA-1585.
Court of Appeal of Louisiana, Fourth Circuit.
March 28, 1991.
Writ Denied May 31, 1991.
Clare Jupiter, Jefferson, Bryan, Jupiter, Lewis & Blanson, New Orleans, for defendant-appellant.
Roy A. Raspanti, Metairie, for plaintiff-appellee.
Before SCHOTT, C.J., and BYRNES and WARD, JJ.
SCHOTT, Chief Judge.
This is a claim by the father of a nine year old girl who was sexually molested in a school restroom during school hours by an unknown man wearing a ski mask. The defendants were her teacher, the school principal and the Orleans Parish School Board. The trial court dismissed the suit against the teacher and the principal but rendered judgment for $55,000 against the Board. In this appeal by the Board it contends that the plaintiff failed to prove any breach of duty on its part and that the quantum of damages is excessive.
While the victim was in her fourth grade classroom, she asked her teacher for permission to go to the bathroom. The teacher allowed her to go alone to the bathroom which was down the hall from the classroom and across the hall from the teachers' lounge. While in the bathroom she was accosted by a man wearing a ski mask. He pushed her onto the floor, pulled down his and the child's underwear, and put his penis on her stomach. At this time he ran out because he heard a noise and the child returned to her classroom.
At trial the teacher testified that she took all of her students to the bathroom in a group or they would go in pairs, but not alone. However, in a deposition she stated unequivocally that the school policy allowed the children to go to the bathroom *1025 alone and from time to time she allowed this.
The principal testified that there was a policy at the school for the children to go to the bathroom in pairs, not alone.
The victim testified that it was normal for the teacher to allow them to go to the bathroom alone.
There was testimony that the school gates were not locked; and it was established that the Board had no policy with respect to children leaving the classroom to use the bathroom.
In written reasons the trial judge found that the Board breached its duty to follow a reasonable standard of care with respect to the children under its charge. He found a lack of supervision which could have been avoided by Board's exercise of supervision and adoption of security measures to guard against that type of incident. On the other hand, he found that the teacher and principal acted reasonably under the circumstances considering the absence of any Board policy. As authority for his judgment, he cited Laneheart v. Orleans Parish School Board, 524 So.2d 138 (La.App. 4th Cir.1988) and Patterson v. Orleans Parish School Board, 461 So.2d 386 (La. App. 4th Cir.1984).
In both of these cases this court recognized that liability is imposed upon the school board when there is a causal connection between the lack of supervision and the incident that could have been avoided by the exercise of a reasonable degree of supervision. In the Patterson case the trial court had dismissed the suit finding that neither the board nor the "employee-teacher" breached their duty of supervision. This court affirmed discussing the teacher's conduct and concluding that he breached no duty in supervising the children. In the Laneheart case only the school board was sued and cast in judgment. Plaintiff's child was injured on school grounds where there was no teacher or other school employee on duty. The court found that reasonable supervision could have prevented the injury.
The Laneheart case clearly stands for the proposition that the school board has a duty of supervision independent of any such duty the teacher may have. In the present case the facts arguably supported the imposition of liability on the teacher and corresponding vicarious liability on the Board, but the trial court exonerated the teacher. The trial court apparently concluded that the Board had a duty to formulate and properly promulgate an official policy against allowing young children to leave the classroom alone and use the bathroom during school hours and that the breach of this duty was a legal cause of the victim's injury in the present case. We find no error in these conclusions. Had such a policy been in existence, the teacher would not have been free to employ what amounted to an inconsistent, haphazard policy of her own and there would have been something more reliable to guide the teacher than the vague, unwritten policy adopted by the principal in this case.
The trial judge gave the following reasons for the award of $55,000:
The student in question testified with respect to the assault, the events following the assault, including therapy, and the resultant emotional problems she experienced through the present date. The record contains the factual details of the assault and other related matters.
Both parents of the child testified to the emotional problems experienced by them and their daughter, including two sessions of psycho-therapy treatment by a clinical social worker, the child's nightmares and changes in her behavior and relationship with the members of her family, the effect this had on the child's schoolwork, the fears related with going to a public school, and other effects this incident had on the child's everyday life.
The social worker testified regarding his treatment and prognosis and that the child sustained a trauma whose effects could go beyond the years of her adolescence. He opined that considering her condition the child's prognosis was good. She also had the potential to fully recover with her mother's support.
The social worker also testified that with proper help and support from the mother, there was a possibility that the child *1026 would recover quickly, barring any unusual circumstances that may arise.
On the subject of future general damages, the positive outlook for the child, as well as the highly speculative nature of making any determination, make it virtually impossible for the Court to assess the severity, if any, of any of her future problems or the necessity of future professional treatment.
In the Board's argument that the judgment is excessive, it points to the facts that the child was seen only twice by a social worker and not until five months after the incident and that this social worker admitted some of the child's symptoms could have been related to the death of her grandmother around the time of the incident. The parents took the child to Charity Hospital for examination as soon as they learned about the incident and provided her with love and support in order to bring about her recovery. That they waited to bring her to a professional for care seems to be a prudent judgment on their part. A fair reading of the social worker's testimony demonstrates that he related the child's difficulties primarily to the incident sued on and not the grandmother's death. In any event these questions were before the trial court and do not convince us that the award constitutes an abuse of discretion.
Accordingly, the judgment is affirmed.
AFFIRMED.