802 So.2d 967 (2001)
Deatria VAUGHN on Behalf of her Minor son, John VAUGHN
v.
ORLEANS PARISH SCHOOL BOARD, Roslyn P. Rogers and Vivian Thomas.
No. 2001-CA-0556.
Court of Appeal of Louisiana, Fourth Circuit.
November 28, 2001.
*968 Ruhama Dankner, Ruhama Dankner, LLC, Gretna, LA, Counsel for Plaintiff/Appellee.
Clare Jupiter, Bryan & Jupiter, New Orleans, LA, Counsel for Defendant/Appellant.
Court composed of Chief Judge WILLIAM H. BYRNES III, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, SR.
MIRIAM G. WALTZER, Judge.
The Orleans Parish School Board appeals a judgment against it for damages suffered by a student under its employee's supervision while on school property.

HISTORY OF THE CASE AND STATEMENT OF THE FACTS
John Vaughn, a second grade student at Lafayette Elementary School, suffered a sexual assault by a fellow classmate during class while the teacher, Vivian Thompson, supervised the class. The student and his parents sued the teacher and the School Board for negligent supervision. After trial, the trial court found that the teacher had negligently supervised the students under her care and awarded Vaughn damages.
The School Board appeals the judgment arguing that the trial court erred in concluding that the Board's employee acted negligently in supervising her class, applying the doctrine of res ipsa loquitor, and failing to assess the fault of all parties involved, including Vaughn, the victim of the assault, and the perpetrator and/or perpetrators of the assault.
FIRST ASSIGNMENT OF ERROR: The trial court erred by finding that the Board's employee failed to reasonably supervise the class.
The Board argues that the trial court erred in concluding that the Board's employee breached its duty to Vaughn and applying the doctrine of res ipsa loquitor. Because we find no error in the trial *969 court's conclusion that the Board's employee failed to adequately supervise her second grade class, we do not find it necessary to address the Board's argument of the alleged application of the doctrine of res ipsa loquitor.
A school board is not the insurer of the safety of school children. However, liability will be imposed upon a school board where there is a causal connection between a lack of supervision and an incident which could have been avoided by the exercise of a reasonable degree of supervision. School board employees have a duty to provide reasonable supervision commensurate with the age of the children and the attendant circumstances. Hickingbottom v. Orleans Parish School Board, 92-2482 (La.App. 4 Cir. 8/31/93), 623 So.2d 1363, 1366. This court has considered whether a school's employees provided reasonable supervision in various decisions.[1]Doe v. City of New Orleans, 577 So.2d 1024 (La. App. 4 Cir.1991), Brooks v. Orleans Parish School Board, 560 So.2d 633 (La.App. 4 Cir.1990), Clark v. Jesuit High School, 572 So.2d 830 (La.App. 4 Cir.1990), Laneheart v. Orleans Parish School Board, 524 So.2d 138 (La.App. 4 Cir.1988), Patterson v. Orleans Parish School Board, 461 So.2d 386 (La.App.1984), Santee v. Orleans Parish School Board, 430 So.2d 254 (La.App. 4 Cir.1983), Schnell v. Travelers Insurance Co., 264 So.2d 346 (La.App. 4 Cir.1972). In Doe, the court when confronted with the sexual assault of a fourth grade student by an unknown attacker in a bathroom at the school during school hours, affirmed a judgment exonerating the teacher but finding liability on the part of the school board for its own negligence in failing to promulgate a specific policy. In Brooks, this court reversed a judgment against the school board where one student pushed a fifth grader from a slide on the playground, while the supervising teacher tended to another child near the slide. In Clark, this court affirmed a judgment finding for the school authority after a high school student shot a fellow student with an unobserved BB gun with a teacher nearby.
In the present suit, we are confronted with a second grade student who was threatened and sexually assaulted in a classroom at an elementary school. He was forced to perform a sexual act on another student after being bullied by fellow students. The School Board does not challenge the veracity of these allegations. Moreover, the trial court believed the victim's testimony and other evidence in the record supports these findings. Vaughn's teacher at the time, Vivian Thompson, testified at trial that she noticed some activity at the table where the three boys involved in the incident were sitting and went to investigate immediately. At that time, she was told that one boy had ordered Vaughn to perform a sexual act on another student. She then escorted the three boys to the disciplinarian. Before she noticed the activity, she testified that she had authorized the class to work independently while she sat at her desk. However, she did not explain specifically what she was doing or what the class was doing other than to say they were working independently while she sat at her desk monitoring the noise level. Vaughn does not specifically allege what conduct the teacher did or failed to do to constitute negligence. However, he alleges that the teacher failed to reasonably supervise her class, and thus she allowed this assault to occur.
*970 We do not believe that Vaughn had to specifically allege certain conduct by the teacher to prevail. Vaughn alleged and proved that he was sexually assaulted in Thompson's classroom and under her supervision. Regardless of her presence or absence, a sexual assault occurred in her classroom while she was ostensibly in charge of these grade school children. Between the threats and the assault, this egregious misconduct constituted behavior that Thompson, a self-described experienced teacher, had time and opportunity to notice and prevent. For these reasons, we do not believe the trial court erred in concluding that Thompson failed to reasonably supervise her class at the time assault occurred.
SECOND ASSIGNMENT OF ERROR: The trial court erred in failing to quantify the fault of all tortfeasors.
The School Board argues that the trial court erred by failing to assess the fault of all parties involved in the incident, including Vaughn and his fellow students. However, such an assessment would have no practical effect under LSA C.C. art. 2320. Article 2320 provides in pertinent part, "Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence." The parties do not dispute that Thompson was responsible for the reasonable supervision of the students involved in this incident. The incident occurred in her classroom, during school hours. The Board stipulated that it was responsible for Thompson's negligence. The School Board relies on Wijngaarde v. Guy, p. 3, 97-2064 (La.App. 4 Cir. 9/2/98), 720 So.2d 6, 8. We find the facts in Wijngaarde easily distinguished from the facts before us. In Wijngaarde, there is no allegation that the students involved in the dispute were under any employee's super-vision, and thus, no argument for application of LSA-C.C. art. 2320. We can find no reason to assess the fault of Thompson's students, when she, and her employer, are responsible for their fault. The School Board is responsible for the fault of all parties involved in this suit.

CONCLUSION
For the above reasons, we affirm the judgment against the school board.
AFFIRMED.
NOTES
[1] The School Board relies exclusively on Hampton v. Orleans Parish School Board, 422 So.2d 202 (La.App.1982).