ROLAND L. BELSOME, Judge.
|,The instant lawsuit arises from the alleged tortious conduct of an employee of the Orleans Parish School Board, Robert Williams. The victim’s mother, Sybil Booth, filed claims individually and on behalf of her minor child Ajanee Booth, alleging that the Orleans Parish School Board was vicariously liable for Robert Williams’ acts and also independently liable for failing to supervise the students and employees, as well as negligent hiring. All claims against the School Board were dismissed on summary judgment. For the reasons that follow we affirm in part, reverse in part, and remand.
On the morning of February 5, 2001, eight year old Ajanee Booth arrived at Lorraine Hansberry School between 7:15 and 7:20 a.m. Although school did not begin until 8:00 a.m., Ajanee participated in the breakfast program which commenced 25-30 minutes before the start of school. According to Ajanee’s account of the events that morning, when she walked up to the school she was approached by Robert Williams, the school janitor. Mr. Williams told Ajanee that one of her teachers wanted to see her and proceeded to walk her upstairs to a Rclassroom. Once in the classroom Mr. Williams told her to take off her shoe and sock, and she complied. He then placed a towel over her head and told her to get on her knees. Then he began touching her foot with some part of his body that was not his hand. Shortly thereafter he told her to put her shoe back on and not to tell anyone what had happened. Two days later, Ajanee informed her aunt of what had happened. Then her mother and the police were notified of the incident.
The petition for damages was filed on October 5, 2001 naming Orleans Parish School Board and Robert Williams as defendants.
Upon completion of discovery and prior to trial, the Orleans Parish School Board (School Board) filed a motion for summary judgment. After hearing arguments, the trial court granted the School Board’s motion for summary judgment, dismissing all claims against the School Board with prejudice. Subsequently, a motion for new trial was filed and ultimately denied. This appeal followed.
This Court conducts a de novo review of the granting of summary judgment. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181 and 99-2257 (La.2/29/00), 755 So.2d 226.
Appellants argue that the trial court erred in failing to find genuine issues of material fact as to any of the claims against the School Board. La. C.C.P. art. 966 provides that “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. C.C.P. art. 966(B). The mov-ant bears the initial burden of |sproof. La. *921 C.C.P. art. 966(C)(2). “Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.” Id.
This Court acknowledges the duty placed upon the School Board’s employees to provide reasonable supervision for the children entrusted to their care. Hickingbottom v. Orleans Parish School Board, 623 So.2d 1363, 1366 (La.App. 4 Cir. 8/31/93). A school board can be found liable where there is a causal connection between a lack of supervision and an incident which could have been avoided by the exercise of a reasonable degree of supervision. Vaughn ex. rel. Vaughn v. Orleans Parish School Bd., 01-0556 (La.App. 4 Cir.2001), 802 So.2d 967.[1]
According to the evidence in the instant case, the school was unlocked and students were allowed into the cafeteria prior to the start of the breakfast program. Based on the testimony of the school’s principal, Mardele Simmons Early, there was a supervising teacher and cafeteria worker on site for the breakfast program from approximately 7:00 a.m. Principal Early further testified that Hansberry had a security plan in place that included the presence of a security guard to help ^ensure the safety of the children. However, she could not recall the exact time the security plan called for the security guard to report to duty making it impossible for her to determine if the security plan was properly implemented on the day of this incident occurred. Ms. Booth stated she was aware that the school provided security and testified that she thought Mr. Williams was a security guard because “he was always walking around with a walkie-talkie.”
The School Board continues to emphasize that Ajanee was dropped off before the official start of the breakfast program and therefore they had no duty to supervise or protect her from the tortious conduct of its employee. We disagree. Ms. Booth’s testimony established that Ajanee was dropped off at approximately the same time every morning. Each time Ajanee was dropped, Ms. Booth observed that the school was always open and according to Principal Early there was staff present. A reasonable person would conclude that once the students are allowed to enter the school building, they are under the school’s care and the duty to supervise is assumed. Additionally, there are genuine issues of material fact regarding the proper implementation of Hansberry’s security plan. For these reasons, we find that the trial court erred in granting summary judgment in favor of the School Board on the claims of negligent supervision.
Appellants further seek to have the School Board found vicariously liable for the alleged tortious acts of Mr. Williams. The School Board contends it is not vicari *922 ously liable because the janitor’s actions were not within the course and scope of an employee’s work. Baumeister v. Plunkett, 95-2270 (La.1996), 673 So.2d 994. The risk of harm must be fairly attributable to the activity the employee is hired to perform. Id. In Baumeister, the Supreme Court reiterated the factors to consider when determining vicarious liability: (1) whether the tortious Ract was primarily employment rooted; (2) whether the act was reasonably incidental to the performance of the employee’s duties; (3) whether the act occurred on the employer’s premises; and (4) whether it occurred during the hours of employment. Id. at 996-997 (citing LeBrane v. Lewis 292 So.2d 216 (La.1974)). Liability can be established even if all of the factors are not met. Id. (citing Miller v. Keating, 349 So.2d 265, 268 (La.1977)).
It is undisputed that the alleged tortious conduct occurred on the School Board’s premises during Mr. Williams’ hours of employment. In considering whether the tortious act was reasonably incidental to the performance of Mr. Williams’ duties, we must look at the facts and circumstances specific to this case. Principal Early testified that in his duties as a janitor Mr. Williams possessed keys to the premises and was allowed free access to the school grounds and buildings. His status as janitor also permitted Mr. Williams access to the young children attending Hansberry. Given his prominent presence on the school’s campus and the fact that he was an adult, it is natural that an eight year old child would view him as an authority figure, which explains why Ajanee did not question his directive.
In Samuels v. Southern Baptist Hospital, 594 So.2d 571 (La.App. 4 Cir.1992), this Court found an employer, Baptist Hospital, vicariously liable for the rape of a patient by a hospital employee. As this Court stated in Samuels, “[t]he scope of risks attributable to an employer increases with the amount of authority and freedom of action granted to the servant in performing his assigned tasks.” Id. at 573 (citing Ermert v. Hartford Inc. Co., 559 So.2d 467 (La.1990)). In this case, it is clear that it was Mr. Williams’ position and duties as a School Board employee that allowed him unrestricted access to Ajanee and the empty classroom | Bwhere she was taken. See Applewhite v. City of Baton Rouge, 380 So.2d 119 (La.App. 1st Cir.1979) (City held vicariously liable for conduct of police officers who used their position of trust and authority to get woman into patrol car where they raped her.)
We find that the evidence in this case is sufficient to support the claim of vicarious liability being presented to a fact finder. Accordingly, the trial court erred when it granted summary judgment and dismissed the claim for vicarious liability.
Next the appellants claim that the School Board was negligent in its retention/supervision of Mr. Williams. The record before this court does not support the contention that the School Board knew or should have known that Mr. Williams was capable of this type of criminal activity. As a condition of his employment, the School Board performed a background check on Mr. Williams and found that he did not have a record of criminal activity. Also, even though appellants claim the School Board was aware that Mr. Williams had done this before, there is nothing that substantiates that the same kind of incident was reported prior to Ajanee’s experience. Mrs. Booth testified in her deposition that teachers told her that this was not the first time Mr. Williams had exhibited such behavior. However, the teachers were not identified or presented as witnesses and Mrs. Booth did not have independent knowledge that there were prior *923 occurrences. Also, the security report that appellants assert creates a genuine issue of material fact regarding a prior incident appears on its face to be misdated, that is further substantiated by Debbie Madison’s statement and the recorded police report. On the record before us we are unable to ascertain grounds to maintain the appellants’ claims for negligent hiring/retention of Mr. Williams.
17For the reasons discussed we find that the trial court erred in its granting of summary judgment in favor of the School Board on claims asserted for negligent supervision and vicarious liability. Accordingly, the appellants’ claims for negligent supervision and vicarious liability are remanded for a trial on the merits. We further find that the trial court correctly dismissed the claims for negligent hiring/retention of Mr. Williams and therefore affirm that portion of the judgment.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

. Also see, Doe v. City of New Orleans, 577 So.2d 1024 (La.App. 4 Cir.1991), (sexual assault of 4th grader in restroom during school hours); Brooks v. Orleans Parish School Board, 560 So.2d 633 (La.App. 4 Cir.1990),(student pushed fellow student off slide during recess); Clark v. Jesuit High School, 572 So.2d 830 (La.App. 4 Cir.1990), (student shot fellow student with BB gun during school hours); Laneheart v. Orleans Parish School Board, 524 So.2d 138 (La.App. 4 Cir.1988), (student fell and injured himself while playing in the school yard during school hours); Patterson v. Orleans Parish School Board, 461 So.2d 386 (La.App.1984), (student injured when his hand got caught in a door during school hours); Santee v. Orleans Parish School Board, 430 So.2d 254 (La.App. 4 Cir.1983), (student injured while playing on school grounds during lunch recess); Schnell v. Travelers Insurance Co., 264 So.2d 346 (La.App. 4 Cir.1972), (student lost sight in one eye when injured during school hours).